LEARY, RESPONDENT, *v.* ANACONDA COPPER MIN. CO.,
APPELLANT.

(No. 2,449.)

(Submitted November 7, 1907.   Decided November 18, 1907.)

[92 Pac. 477.]

*Master and Servant—Personal Injuries—Instructions—Contributory Negligence—Assumption of Risk—Safe Appliances—Evidence—Custom.*

Master and Servant—Personal Injuries—Instructions—Contributory Negligence—Definition.

1. It was error to instruct the jury, in an action by an employee to recover damages from his employer for personal injuries, that contributory negligence constituted ''such negligence upon the part of the plaintiff that, but for the same, he would not have been injured.'' The court in this instruction omitted from the definition a statement that such negligence must have concurred or co-operated with the negligent act of the defendant as a proximate cause of the injury complained of.

Same—Contributory Negligence—Proximate Cause—Instructions.

2. Where plaintiff, a miner, claimed to have been injured by the falling of timber through a chute in which it was being hoisted to an upper level of the mine, the court erred in charging the jury that, if plaintiff could, in the exercise of reasonable care, have stepped into a position of safety, but, instead of doing so, remained exposed in a position of greater hazard and danger than was necessary, and such conduct on his part contributed to, and was *the* proximate cause of, his injury, he could not recover,—since, by the use of the definite article ''the,'' instead of the indefinite ''a,'' the jury may have been misled into believing that plaintiff's right to recover damages was not barred unless his negligence was the sole causal agency in producing the injury.

Same—Assumption of Risk—Instructions.

3. A servant, by virtue of his contract of employment, not only tacitly agrees to assume such risks as are incident to his employment, but also such as should become apparent to him by ordinary observation, or are readily discernible by a person of his age and capacity, and such as he discovers but fails to call to the attention of his employer; hence, an instruction that the risks assumed by the servant, as ordinarily incident to the character of his work, were only such as an ordinarily reasonable man, with his experience, could or might have, in the exercise of ordinary diligence and observation, discovered, announced an erroneous principle of law.

Same—Safe Appliances—Duty of Master—Instructions.

4. With respect to the appliances furnished the servant by the master, the latter owes the former the duty only of exercising ordinary care, and to keep them in a reasonably safe condition; therefore, an in-

struction that it was the duty of defendant mining company to provide a reasonably safe and sufficient rope and chute with which and through which to hoist timbers, to make reasonable inspection thereof, to use ordinary care in so doing, and that defendant was liable if its inspection failed to discover what a reasonable examination would have disclosed, was erroneous.

Same—Appliances—Inspection—Instructions.

5. The court charged that, even though the workmen employed about that portion of the mine where plaintiff was injured, or the timbermen, could have inspected the chute or rope, the alleged defect in which caused the injury, and, if they had found either insufficient or unsafe, could have reported the same, when defendant would have furnished a new rope or repaired the chute, this would not constitute a defense if the chute was not reasonably safe, and plaintiff, by reason thereof, sustained damage without fault on his part and without knowing the risk, but such matters, with other facts and circumstances, might be considered by the jury in determining what would be a reasonable inspection, and whether defendant performed its duty to inspect. *Held,* that the instruction placed too great a burden on defendant company in the way of responsibility to its servants and practically amounted to a statement that plaintiff could recover in any event.

Same—Evidence—Custom of Miners.

6. In an action for injuries to a miner by a timber falling while being hoisted through an alleged defective chute by means of a faulty rope, evidence that, where a signal is given to hoist a timber through a raise, it is the general custom among miners for the man giving the signal to stand clear, was admissible.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

Action by Dennis P. Leary against the Anaconda Copper Mining Company. From a judgment for plaintiff and an order denying it a new trial, defendant appeals. Reversed and remanded.

*Mr. A. J. Shores, Mr. C. F. Kelley,* and *Mr. D. Gay Stivers,* for Appellant.

Instruction No. 3 was erroneous. (*Baltimore etc. Ry. Co.* v. *Young,* 153 Ind. 163, 54 N. E. 793; *Cooper* v. *Georgia C. & N. Ry. Co.,* 61 S. C. 345, 39 S. E. 543; *Plant Inv. Co.* v. *Cook,* 74 Fed. 503, 20 C. C. A. 625; *Mulligan* v. *Montana Union Ry. Co.,* 19 Mont. 135, 47 Pac. 795; Shearman and Redfield on Negligence, sec. 96; Thompson on Negligence, sec. 3, p. 1148; *Cummings* v. *Helena & L. S. & R. Co.,* 26 Mont. 435, 68 Pac. 852.)

That the giving of instruction No. 6 was error, see *Gibson* v.

*Erie Ry. Co.*, 63 N. Y. 452, 20 Am. Rep. 552; *Hayden v. Smith-ville Mfg. Co.*, 29 Conn. 548; *Alcorn* v. *Chicago & A. Ry. Co.*, 108 Mo. 81, 18 S. W. 188; *Jackson* v. *R. R. Co.*, 104 Mo. 448, 16 S. W. 413; Shearman and Redfield on Negligence, 4th ed., sec. 185; Wood on Master and Servant, 758 et seq.; 2 Thompson on Negligence, 1008; *Hewitt* v. *Railroad Co.*, 67 Mich. 61, 34 N. W. 659; *Hayden* v. *Manufacturing Co.*, 29 Conn. 548; *Gibson* v. *Railway Co.*, 63 N. Y. 449, 20 Am. Rep. 552; *Moulton* v. *Gage*, 138 Mass. 390; *Ladd* v. *Railroad Co.*, 119 Mass. 412, 20 Am. Rep. 331; *Lovejoy* v. *Railway Co.*, 125 Mass. 79, 28 Am. Rep. 206; *Hulett* v. *Railroad Co.*, 67 Mo. 239; *Smith* v. *St. Louis etc. R. R. Co.*, 69 Mo. 32, 33 Am. Rep. 484; *Kean* v. *Rolling Mills*, 66 Mich. 277, 11 Am. St. Rep. 492, 33 N. W. 395; *McGinnis* v. *Bridge Co.*, 49 Mich. 466, 13 N. W. 819; *Hathaway* v. *Railroad Co.*, 51 Mich. 253, 47 Am. Rep. 569, 16 N. W. 634; *Ft. Wayne etc. R. R. Co.* v. *Gildersleeve*, 33 Mich. 133; *Davis* v. *Railroad Co.*, 20 Mich. 105, 4 Am. Rep. 364; *Indianapolis etc. R. R. Co.* v. *Love*, 10 Ind. 554; *Lake Shore etc. R. R. Co.* v. *McCormick*, 74 Ind. 440; Smith on Negligence, 131, 133; *Darracutts* v. *Railroad Co.*, 83 Va. 288, 5 Am. St. Rep. 266, 2 S. E. 511; Beach on Contributory Negligence, secs. 138, 139; *Lockwood* v. *Railway Co.*, 55 Wis. 50, 12 N. W. 401; *Hutchinson* v. *Railway Co.*, 5 Ex. 343; *Skipp* v. *Railway Co.*, 9 Ex. 223; *Assop* v. *Yates*, 2 Hurl. & N. 768; *Williams* v. *Clough*, 3 Hurl. & N. 258; *Gaffney* v. *Railroad Co.*, 15 R. I. 456, 7 Atl. 284.

The mere occurrence of an injury raises no presumption of negligence. What plaintiff must show to authorize a recovery, see 20 Am. & Eng. Ency. of Law, pp. 86, 87, and cases cited; Labatt on Master and Servant, secs. 832, 833; *Hamelin* v. *Malster*, 57 Md. 287; *Atchison etc. Ry. Co.* v. *Ledbetten*, 34 Kan. 326, 8 Pac. 411; *Patton* v. *Texas & P. R. Co.*, 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361; *Bahr* v. *Lombard Co.*, 53 N. J. L. 233, 21 Atl. 190; *Robinson* v. *Charles Wright Co.*, 94 Mich. 283, 53 N. W. 938.

Where a servant voluntarily and needlessly assumes a position of peril, and is injured, he cannot recover therefor, although

at the time of the injury the master was negligent in the discharge of the duties which he owed to the servant. (20 Am. & Eng. Ency. of Law, 145; *Martin* v. *B. & Ohio Ry.*, 41 Fed. 125; Labatt on Master and Servant, sec. 334; *Atchison etc. Ry. Co.* v. *Tindall,* 57 Kan. 719, 48 Pac. 12; *Coyle* v. *Pittsburg Ry. Co.*, 155 Ind. 429, 58 N. E. 546.)

In the absence of affirmative and positive proof of negligence, the simple fact of an accident and injury would rather be attributable, presumably, to misadventure, inevitable accident, or other causes for which defendant would not be liable. (*Schultz* v. *Pacific R. R.*, 36 Mo. 13; *Nolan* v. *Shickle,* 3 Mo. App. 304; *Mitchell* v. *Chicago etc.*, 51 Mich. 236, 16 N. W. 388; *McGrell* v. *Buffalo,* 153 N. Y. 265, 47 N. E. 305.)

*Mr. John J. McHatton,* for 'Respondent.

Instruction No. 3 allows for the existence of negligence on the part of defendant, but advises the jury that if the plaintiff had not been negligent, the injuries to him would not have happened. It is directly applicable, under the facts and the pleadings.

The instruction is in accord with the doctrine cited by the appellant from Shearman and Redfield on Negligence. The cause of the event and the production of the injury may be, and usually are, matters for separate consideration. The instruction does not refer to the cause of the event, but to the happening of the injury and plaintiff's connection therewith. The defendant did not request any additional or more complete instruction, and, therefore, cannot complain. (*Gillies* v. *Mining Co.*, 32 Mont. 320, 80 Pac. 370; *Mulligan* v. *Montana Union Ry. Co.*, 19 Mont. 135, 47 Pac. 795; *Coleman* v. *Perry,* 28 Mont. 1, 72 Pac. 42; *Hardesty* v. *Lumber Co.*, 34 Mont. 153, 86 Pac. 29; *Thomas* v. *B. & M. Co.*, 34 Mont. 370, 86 Pac. 499, 87 Pac. 972; *Cannon* v. *Lewis,* 18 Mont. 402, 45 Pac. 572; *Mantle* v. *Largey,* 26 Mont. 554, 71 Pac. 1131.) The instruction is in no wise in conflict with anything said in *Wastl* v. *Montana Union Ry. Co.*, 24 Mont. 175, 61 Pac. 9. On the contrary, it is

entirely consistent therewith. It in no wise advises the jury that the plaintiff's negligence should be the sole cause; on the contrary, it advises that it must be a proximate contributing cause; one without which the injury would not have happened.

The decision in the case of *Wastl* v. *Montana Union Ry. Co.,* 24 Mont. 175, 61 Pac. 9, has no application to the error alleged in instruction No. 22, *first,* because the answer in this case pleads that it was wholly on account of the negligence of the plaintiff in not obeying the rule and not seeking a place of safety that he was injured, and the instruction is in accord with that theory, and by reason of estoppel; *second,* because there is no evidence of contributory negligence.

The criticism of instruction No. 6 is not justified. The word "and" used in the instruction plainly means "additional risk"; it is in effect the same as the use of the word "also"; it is not a limitation; the use of the word "or" would indicate a limitation; it would tend to advise the jury that even though the risk was an ordinary incident of the work, still if it was not known it would not be assumed.

An employee does not assume the risk of danger of which he does not know. (*McCabe* v. *Montana Cent. Ry. Co.,* 30 Mont. 323, 76 Pac. 701.) The question of whether or not a proper inspection was made is for the jury. (*Felton* v. *Bullard,* 94 Fed. 781, 37 C. C. A. 1.) It is the duty of the master to inform a servant of danger. (*Mathers* v. *Rillston,* 156 U. S. 391, 15 Sup. Ct. 464, 39 L. Ed. 464.) The master is required to make a reasonable inspection and to keep the appliances reasonably safe. (*Texas etc. Co.* v. *Archibald,* 170 U. S. 665, 18 Sup. Ct. 777, 42 L. Ed. 1188.) And the defendant is liable if its inspection fails to discover what a reasonable examination would discover. (*Union Pac. Ry. Co.* v. *Snyder,* 152 U. S. 684, 14 Sup. Ct. 756, 38 L. Ed. 597.) A master cannot delegate the matter of providing suitable appliance or inspection and excuse himself. (*Walkowski* v. *Penoke etc. M. Co.,* 41 L. R. A. 115, notes; *N. P. Co.* v. *Peterson,* 162 U. S. 346, 16 Sup. Ct. 843-845, 40 L. Ed. 994; *Baltimore & O. Ry. Co.* v. *Baugh,* 149 U. S. 368, 13 Sup.

Ct. 914-921, 37 L. Ed. 772.) Custom furnishes no excuse if the custom itself is negligent. (*Austin* v. *Chicago etc. Ry. Co.,* 93 Iowa, 236, 61 N. W. 849; *Wabash Ry. Co.* v. *McDaniels,* 107 U. S. 454, 2 Sup. Ct. 932, 27 L. Ed. 605; *Bean* v. *Oceanic Co.,* 24 Fed. 124; *Nyback* v. *Lumber Co.,* 109 Fed. 732, 48 C. C. A. 632; *Homestake Min. Co.* v. *Fullerton,* 69 Fed. 923, 16 C. C. A. 545.) An instruction absolving the master when he complies with common usage was properly refused. (*Martin* v. *California Ry. Co.,* 94 Cal. 326, 29 Pac. 645; *Redfield* v. *St. Ry. Co.,* 112 Cal. 220, 43 Pac. 1117.)

MR. JUSTICE SMITH delivered the opinion of the court.

This case involves an appeal from a judgment entered in favor of the plaintiff and against the appellant in the district court of Silver Bow county, and also an appeal from an order denying the defendant's motion for a new trial.

The action was brought for the purpose of recovering damages from the defendant company for personal injuries alleged to have been suffered by the plaintiff while in the employ of the defendant company as a miner, by reason of the negligence and carelessness of defendant in furnishing improper, unsuitable and unsafe appliances to the plaintiff with which to carry on the plaintiff's employment. It is alleged in the complaint, in substance, that the plaintiff was engaged in fastening a rope to certain timbers in the mine, by means of which rope the timbers were hoisted by an engine above, through a certain chute, to one of the upper levels in the mine, and that, by reason of the faulty construction of the chute, one of the timbers so fastened by plaintiff caught upon the projecting sides of the chute, whereupon the rope broke and the timber fell back to the place where plaintiff was standing, and injured him.

All of the affirmative allegations of the plaintiff which tended to show negligence or want of ordinary care on the part of the defendant were put in issue by the answer, and, in addition thereto, the defendant alleged that plaintiff had assumed the risks ordinarily incident to his employment, and was guilty of

contributory negligence which tended directly and proximately to cause the injury complained of. These latter affirmative allegations of the answer were denied by the plaintiff in his reply. The cause was tried to a jury, and plaintiff had a verdict, upon which the court entered a judgment in his behalf.

Appellant complains of instruction No. 3, given by the court. It is as follows: "Contributory negligence would be such negligence upon the part of the plaintiff that, but for the same, he would not have been injured."

Contributory negligence is thus defined in Beach on Contributory Negligence, 2d ed., section 7: "Contributory negligence, in its legal signification, is such an act or omission on the part of a plaintiff, amounting to a want of ordinary care, as, concurring or co-operating with the negligent act of the defendant, is a proximate cause or occasion of the injury complained of." We approve this definition. The instruction complained of is erroneous. It fails to tell the jury of that concurring or co-operating negligence of the plaintiff which may have been a contributing proximate cause of his injury. (See *Wastl* v. *Montana Union Ry. Co.*, 24 Mont. at p. 175, 61 Pac. 9.) However, if this were the only erroneous instruction given, we should be inclined to the opinion that its vice was cured by other instructions on the same subject.

Instruction No. 22 is also attacked. That instruction reads thus: "You are instructed that one who is working in a place wherein, or with machinery or appliances by which, he is exposed to danger, must exercise his faculties for his own protection so far as his proper attention to his duties will permit; and, if he fails to do so, and is injured in consequence thereof, he is guilty of such negligence as will preclude a recovery of [for] such injury. And in this case, if you find that the plaintiff, while performing the duties of his employment, could, in the exercise of a reasonable degree of care and prudence have stepped into a position of safety, and that he needlessly remained exposed in a position of greater hazard and danger than was necessary in carrying out the duties of his employment,

and if you so find that by so placing himself in a position of greater peril than was necessary, such conduct on the part of the plaintiff contributed to, and was *the* proximate cause of, his injury, you are then instructed that the plaintiff cannot recover in this action, and your verdict must be for the defendant." This instruction is erroneous for the reasons pointed out in the *Wastl Case, supra*, where a similar instruction was held bad. True, the objection, while entirely logical, is a technical one, and as the other instructions given by the court were much more comprehensible than those given in the *Wastl Case* we should be loath to reverse this case on account of this instruction alone.

But the appellant complains of Instruction No. 6, which reads as follows: "You are instructed that a servant only assumes the risk of danger which is ordinarily incident to the character of work which he is engaged in performing, and such as an ordinarily reasonable man, with his experience, could have, or might have, in the exercise of ordinary diligence and observation, discovered." This instruction does not embody a correct principle of law. It is impossible to read the language employed without arriving at the conclusion that the jury were told thereby that the doctrine of assumed risk involved but one proposition, to-wit, that the servant *only* assumed the risks ordinarily incident to the character of his employment, and, as qualifying and restricting that obligation, only such as a reasonable man with his experience could have or might have, in the exercise of ordinary diligence and observation, discovered. A servant tacitly agrees, by virtue of the contract of employment, to encounter and assume the ordinary risks incident to the service. (*Cummings* v. *Helena & L. S. & R. Co.*, 26 Mont. 434, 68 Pac. 852.) The court, by instruction No. 6, told the jury that the risks assumed by the servant as ordinarily incident to the character of his work, were only such as an ordinarily reasonable man, with his experience, could have or might have, in the exercise of ordinary diligence and observation, discovered.

Judge Bailey, in his work on Personal Injuries Relating to Master and Servant, in section 459; lays down the rule thus: "The rule embraces within its scope not only such risks as are incident to the business, but such risks as should become apparent to the employee by ordinary observation or are readily discernible by a person of his age and capacity, in the exercise of ordinary care, or where his means of knowledge are equally as great as those of his employer, or if he discovers the unusual risk and makes no complaint. In such circumstances even extraordinary risks may assume in legal effect the shape and proportions of only ordinary and incidental perils, adding nothing to the liability of the master and affording the servant no additional grounds for recovery in the event of injuries received."

A partial statement of the rule is found in *McCabe* v. *Montana Central Ry. Co.*, 30 Mont. 323, 76 Pac. 701, where this court said: "The authorities hold that the plaintiff is to be held as having assumed the ordinary risks of the business, but not any extraordinary risks, unless it appear that he was aware of such at the time of his employment, or that, upon learning of their existence, he continued in the employment after the lapse of a reasonable time for the defects to be remedied or removed."

It was decided in *Coulter* v. *Union Laundry Co.*, 34 Mont. 590, 87 Pac. 973, that where a servant knows of the danger in prosecuting the master's work, "or if it is so patent that an ordinarily prudent man would have seen it, and he continues in the employment, without complaint, or without assurance of the master that the danger will be lessened or obviated, he cannot hold the master liable for injuries received in such employment, and the rule is the same with respect to those risks which first arise or become known to the servant during the service, as to those in contemplation at the original hiring." (Quoting 20 Am. & Eng. Ency. of Law, 2d ed., p. 124. See, also, 1 Labatt on Master and Servant, p. 643, sec. 274a.)

It is argued by counsel for appellant that the court erred in giving instruction No. 12, as follows: "You are instructed that

it was the duty of the defendant to provide a reasonably safe and reasonably sufficient rope and chute with which and through which to hoist timbers, and to make reasonable inspection thereof, and to keep the same reasonably safe, and to use ordinary care in so doing, and that this duty could not be delegated to others of its employees, so as to relieve it from responsibility in case of injury to the plaintiff, resulting from negligence to perform this duty; and, in this respect, you are charged that the defendant is liable if its inspection failed to discover what a reasonable examination would have disclosed and plaintiff was injured by reason of its negligence.'' This instruction is silent on the question of the proximate cause of the injury to plaintiff. Neither does it cover the question of contributory negligence. But these defects are probably cured by other instructions. In addition to these points urged by counsel, the instruction is bad as not a correct statement of the defendant's duty to plaintiff, as laid down in the case of *Anderson* v. *Northern Pac. Ry. Co.,* 34 Mont. 181, 85 Pac. 884.

Instruction No. 19 is objected to. It reads: ''The jury is instructed that even though you may believe from the evidence that any of the miners or workmen who were employed about that portion of the mine where the injury to the plaintiff occurred, or any of a crew of timbermen, or other employees of the defendant had the right to or could have inspected the chute or slide or rope in question, and, if they found that the same was insufficient or unsafe or in the condition claimed by the plaintiff in the complaint, they could have reported the same, and that, upon the reporting of the same, the defendant would have furnished a new rope, or would have changed or repaired, if necessary, said chute or slide, this would not constitute any defense to this action or exonerate the defendant from liability, if the jury find that said chute or slide, or said rope, was not reasonably safe, and that the plaintiff, by reason thereof, sustained damage, without fault on his part and without knowing or assuming the risk of the injury which he sustained. But these

matters should, together with all the other facts and circumstances proved on the trial, be considered by you in determining what would be a reasonable inspection under the circumstances, and whether or not the defendant performed its duty to the plaintiff in the matter of inspection.'' This instruction undoubtedly places too great a burden upon the defendant in the way of responsibility to its servants, and amounts almost to a statement that the defendant must compensate the plaintiff in any event.

Other instructions are objected to and are, standing alone, objectionable; but we are not prepared to say that, in the aggregate and read together, they may not have sufficiently covered the issues substantially correctly, and we should hesitate to reverse the case on account of them. But instruction No. 6, above considered, is wrong, and is not, and could not be, cured by any other instruction.

Plaintiff contends that the defense of assumption of right is not properly pleaded; but we think it is.

The only other point necessary of consideration in view of the fact that there must be a new trial relates to the admissibility of certain evidence. Defendant offered to prove ''that it was a general custom among miners employed underground, and it was understood by all miners as being reasonable and prudent, that, where a signal was given to hoist a timber through a raise, the man who gave the signal stood clear away, so that, if the timber came back, he could not be caught.'' The evidence was objected to, and the court sustained the objection. We think this testimony was competent. Wigmore, in his work on Evidence (section 461, volume 1), says: ''This conduct of others, then (1) is receivable as some evidence of the nature of the thing in question, because it indicates what is the influence of the thing on the ordinary person in that situation; but (2) it is not to be taken as fixing a legal standard for the conduct required by law.'' (See, also, 1 Thompson's Commentaries on Law of Negligence, sec. 30; *Sullivan* v. *Jernigan*, 21 Fla. 264.)

The judgment and order of the district court of Silver Bow county are reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.