KAMBORIS, ADMINISTRATOR, RESPONDENT, *v.* CHICAGO, MILWAUKEE & ST. PAUL RY. CO., APPELLANT.

(No. 4,553.)

(Submitted October 28, 1921. Decided December 24, 1921.)

[203 Pac. 859.]

*Personal Injuries—Master·and Servant—Railroads—Employers' Liability Act—Contributory Negligence—Measure of Damages—Instructions—Evidence—Conflict—Verdict Conclusive.*

Personal Injuries—Master and Servant—Negligence—Conflict in Evidence —Verdict Conclusive.
1. Where in an action for damages for the death of a section-man struck by a work train being pushed in front of the engine and approaching from his rear while he was shoveling cinders from the track, the evidence on the question of defendant's negligence was in direct conflict, that of plaintiff being substantial to the effect that

no warning was given by either bell or whistle and that there was no one riding on the front end of the train to guard against danger, the jury's determination that defendant was negligent is conclusive.

Same—Railroads—Employers' Liability Act—Contributory Negligence—Effect.

2. Contributory negligence of plaintiff employee in an action brought either under the federal or state Employers' Liability Act does not bar recovery but is a fact which may be taken into consideration by the jury in apportioning the damages.

Same — Federal and State Employers' Liability Acts — Measure of Damages.

3. *Quaere:* Is the measure of damages under the state Employers' Liability Act the same as under the federal statute?

Same — Measure of Damages — Instructions—Absence of Objection —Review.

4. In the absence of an objection to an instruction on the measure of damages in an action by a railroad employee, defendant was in no position to complain of it as improper under the federal Employers' Liability Act, claimed by it to supersede the state statute where the parties at the time of the accident were engaged in interstate commerce.

Trial—Inconsistent Instructions—Proper Refusal.

5. An offered instruction inconsistent with one given without objection was properly refused.

*Appeals from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by Peter Kamboris, as administrator of the estate of George D. Skarpas, deceased, against the Chicago, Milwaukee & St. Paul Railway Company. Judgment for plaintiff, and defendant appeals from it and from an order denying a new trial. Affirmed.

*Mr. Fred J. Furman* and *Mr. Leo J. Hanley,* for Appellant, submitted a brief; *Messrs. Murphy & Whitlock,* of Counsel, submitted a supplemental brief; *Mr. A. N. Whitlock* argued the cause orally.

*Messrs. Wheeler & Baldwin,* for Respondent, submitted an original and a supplemental brief; *Mr. Jas. H. Baldwin* argued the cause orally.

---

3. Applicability of state statutes and rules of law in determining damages in action under federal Employers' Liability Act, see note in 12 A. L. R. 711.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

On the 14th of September, 1916, George D. Skarpas was killed upon the track of the defendant company at or near Vendome, Montana. Peter Kamboris was afterward appointed administrator of the estate of the deceased, and brought this action to recover damages because of the death. Verdict was rendered by the jury in favor of plaintiff for the sum of $10,000. Motion for new trial was made and overruled. Defendant has appealed from the judgment and from the order overruling the motion.

The appeals present three questions: (1) Was defendant guilty of negligence proximately causing the injury? (2) Was deceased guilty of contributory negligence barring recovery? (3) Was there error in the rulings of the court relative to questions involving the correct measure of damages?

The evidence is in direct conflict as to whether or not de-
[1]   fendant was guilty of negligence. Deceased was an employee of defendant company, and was engaged in shoveling cinders from off a sidetrack at or near Vendome, when a train approached from the east and in his rear, striking him and causing injuries resulting in his death about nine hours later. The train was a work train, consisting of engine, flat car, two water-tank cars and caboose, which cars were being pushed in front of the engine. The evidence in behalf of plaintiff was substantial, showing that no warning of the approach of the train was given, either by bell or whistle, and that there was not any person upon the front end of the train to guard against danger. As such circumstances, if they existed, constituted negligence, and as the jury decided in favor of plaintiff's contention upon this feature of the case, its finding must stand.

In a case of this kind, the contributory negligence of the
[2]   employee does not bar recovery, but if there was contributory negligence, it only diminishes the damages in proportion to

the amount of negligence attributable to the employee. This is true whether the action was brought under the state statute (Chap. 29, Session Laws of 1911) or the federal Employers' Liability Act (35 Stats. at Large, 65 [U. S. Comp. Stats., secs. 8657–8665] ; 8 Fed. Stats. Ann., 2d ed., 1208, 1339, 1352), as the provision in both Acts to this effect is the same. Therefore, even though deceased may have been guilty of contributory negligence, yet such negligence does not bar the recovery, but is a fact to be taken into consideration by the jury in apportioning the damages.

All through the trial it was the theory of defendant that at [3] the time of the injury Skarpas and the defendant company were both engaged in interstate commerce, and that under such circumstances the federal Act entirely supersedes the state Act as to the subject matter involved. This is urged as an important matter, for there is a question whether or not the measure of damages under the state statute is the same as under the federal Act, upon which question, however, this court does not at this time express an opinion. Even though there may be a difference in the two rules for the determination of the damages, yet in this particular case defendant is not in a position to raise that question in this court. Upon request of plaintiff, the court gave the jury the following [4] instruction: ''You are instructed that if you find for the plaintiff you should award him: (1) Such an amount as will be reasonable compensation for any pain or suffering which deceased endured in consequence of his injury; and (2) such sum as will be a reasonable equivalent for any loss the deceased may have sustained on account of his diminished capacity to labor or earn money, if his capacity in that regard has been reduced on account of his injuries.'' Defendant did not offer any objection to the giving of this instruction. It has been held many times by this court that appellant cannot complain of any instruction to which he made no objection, and, not having objected to this instruction, defendant cannot now complain of it, even though it was erroneous, nor of a verdict ren-

dered by the jury within the scope of the instruction. Based upon this instruction, the verdict was clearly within the evidence, and therefore we cannot say that it was excessive.

Defendant offered an instruction to the effect that plaintiff **[5]** could not recover for any loss except the pecuniary loss suffered by the mother and sisters. Such offered instruction was inconsistent with the former instruction given without objection, and therefore the court was justified in refusing it.

It appearing that no error was committed by the trial court of which defendant can now complain, it is ordered that the judgment and order overruling motion for new trial be affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.

Rehearing denied January 30, 1922.