MATSON, RESPONDENT, *v.* HINES, DIRECTOR-GENERAL OF RAILROADS, APPELLANT.

(No. 4,719.)

(Submitted April 15, 1922.   Decided May 1, 1922.)

[207 Pac. 474.]

*Personal Injuries—Master and Servant — Railroads — Servant Overtaxing Strength—Assumption of Risk—Availability of Defense.*

Personal Injuries—Master and Servant—Railroads—Assumption of Risk— When Defense Available.
    1.   The defense of assumption of risk may be interposed as a bar in an action for personal injuries to an employee when they have been caused by hazard which is incident to the particular business, or when they have been brought about by an increased hazard occasioned by the failure of the employer to perform his primary duty with relation to the safety of the employee, if the latter was aware of such increased hazard or it was so obvious that an ordinarily prudent person under like circumstances would have observed and appreciated it.

Same—Injury from Overstrain—Assumption of Risk.
    2.   In an action by a section-hand for injuries sustained in lifting a rail, in which the negligence charged was failure of defendant company to furnish a sufficient number of men to assist him in doing the work in hand, *held* that plaintiff, twenty-eight years of age, familiar with the work he was engaged in, and who knew, as testified to by him, that it required from six to eight men to lift a rail, weighing from 750 to 800 pounds, with reasonable safety to the men doing the lifting, assumed the risk of injury from overstrain in attempting to lift it in company with three others. (MR. JUSTICE COOPER dissenting.)

Same—Obeying Order of Foreman—Assumption of Risk—When Defense Available, When not.
    3.   Where an employee, knowing that obedience to an order of his foreman will expose him to injury and that the danger incident to obedience is obvious, glaring and imminent, obeys the command, suffering injury, he assumes the risk; where, however, he has no independent knowledge of danger and relies upon the superior knowledge of his employer, he may rely upon the latter's judgment and assume that the order could be safely obeyed without laying himself open to the defense of assumption of risk.

---

    2.   Assumption of risk of overstraining muscles in lifting weights under immediate direction of master or vice-principal, see notes in 17 **Ann. Cas.** 241; 25 **L. R. A. (n. s.)** 362.

    Liability of master for injury to servant who lifts or carries heavy objects under orders or against his protest, see note in 10 **A. L. R.** 1399.

    3.   Servant's assumption of risk of danger imperfectly appreciated, see note in 4 **L. R. A. (n. s.)** 990.

*Appeals from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by Axel Matson against Walker D. Hines, as Director-General of Railroads. From a judgment for plaintiff, and an order overruling defendant's motion for new trial, defendant appeals. Reversed, with directions.

*Messrs. Walker & Walker* and *Messrs. Gunn, Rasch & Hall,* for Appellant, submitted a brief; *Mr. E. M. Hall* argued the cause orally.

The injury to plaintiff resulted from a risk assumed by him. (17 Am. & Eng. Ann. Cas. 240; *Walsh v. St. Paul & Duluth Ry. Co.,* 27 Minn. 361, 8 N. W. 145; *St. Louis & T. Ry. Co. v. Lemon,* 83 Tex. 143, 18 S. W. 331; *San Antonio Traction Co. v. De Rodriguez* (Tex. Civ. App.), 77 S. W. 420; *Creamus v. Great Northern Ry. Co.,* 131 Minn. 34, 154 N. W. 616; *St. Louis & S. F. Ry. Co. v. Snowden,* 48 Okl. 115, 149 Pac. 1083; *Nephew v. Whitehead,* 123 Mich. 255, 81 N. W. 1083; *Haviland v. Kansas City Ry. Co.,* 172 Mo. 106, 72 S. W. 515; *Bryan v. Southern Ry. Co.,* 128 N. C. 387, 38 S. E. 914; *Missouri & O. G. Ry. Co. v. Black* (Tex. Civ. App.), 176 S. W. 755.)

The fact that the employee is acting under the order of his superior at the time does not alter the rule even though he may have reason to believe that disobedience of the order will result in his dismissal. (*Worlds v. Georgia R. Co.,* 99 Ga. 283, 25 S. E. 646; *Haviland v. Kansas City Ry. Co., supra; Leitner v. Grieb,* 104 Mo. App. 173, 77 S. W. 764.)

*Messrs. Nolan & Donovan* and *Mr. Geo. Bourquin,* for Respondent, submitted a brief; *Mr. Bourquin* argued the cause orally.

The servant can rely upon the superior knowledge of the master and assume that he will not expose him to danger, and if the master gives the servant to understand that he does not consider the risk one which a prudent man should refuse to

undertake, the servant has a right to rely upon the master's judgment, unless his own is so clearly opposed thereto that he does not in fact rely upon the master's opinion; and where the servant is uncertain as to the safety of the task, he has the right to assume that an order given by a superior may be obeyed with safety unless the danger was so great and imminent that no one but a reckless person would have undertaken it. (*Kelley* v. *Fourth of July Min. Co.*, 16 Mont. 484, 41 Pac. 273; *Mitchell* v. *Boston etc. Min. Co.*, 37 Mont. 575, 97 Pac. 1033; *Domitrovich* v. *Stone etc. Co.*, 44 Mont. 7, 118. Pac. 760; 8 Thompson on Negligence, 2d ed., secs. 5379, 5382; vol. 5, sec. 5379; *Consolidated Coal Co.* v. *Sheperd*, 220 Ill. 123, 77 N. E. 133.) And when the servant is acting under the master's direction the judicial theory is that the order having the tendency to throw the servant off his guard, and it ordinarily being his duty to obey the same, may properly be construed to excuse him from the exercise of the same degree of care as would have been incumbent upon him in the event that an order had not been given. (5 Labatt on Master & Servant, 2d ed., sec. 1364B; 8 Thompson on Negligence, 2d ed., sec. 5335.) It is the duty of the master to exercise reasonable care to provide sufficient help. (*Markinovich* v. *Northern Pac. Ry. Co.*, 55 Mont. 139, 174 Pac. 183; *Cincinnati etc. R. R.* v. *Tucker*, 168 Ky. 144, 181 S. W. 940.) And a servant has a right to assume that the master has provided sufficient help. (*Cristanelli* v. *Saginaw Min. Co.*, 154 Mich. 423, 117 N. W. 910; *Verlinda* v. *Stone & Webster Eng. Co.*, 44 Mont. 223, 119 Pac. 573.)

Whether or not the risk has been assumed is a question of fact and should be submitted to the jury. It is for them to determine whether or not an employee assumed the risk, and the case should not be withdrawn from the jury unless no recovery could be had on any view which could be reasonably drawn from the facts which the evidence tends to establish. (*Cain* v. *Gold Mountain Min. Co.*, 27 Mont. 529, 71 Pac. 1004; *McCabe* v. *Montana Central Ry. Co.*, 30 Mont. 323, 76 Pac.

701; *Osterholm* v. *Boston etc. Min. Co.*, 40 Mont. 508, 107 Pac. 499; *Dunlap* v. *Northwestern R. R. Co.*, 130 U. S. 649, 32 L. Ed. 1058, 9 Sup. Ct. Rep. 647 [see, also, Rose's U. S. Notes]; *Kane* v. *Northern C. R. Co.*, 128 U. S. 91, 32 L. Ed. 339, 9 Sup. Ct. Rep. 16; *New York etc. R. R.* v. *Vizvari*, 210 Fed. 118, L. R. A. 1915C, 9, 126 C. C. A. 632.)

HONORABLE ROY E. AYERS, District Judge, sitting in place of MR. JUSTICE REYNOLDS, disqualified, delivered the opinion of the court.

Plaintiff brought this action to recover damages for personal injuries suffered by him during his employment as a section-hand for the Northern Pacific Railway Company. The injury pleaded was a relaxation of the left inguinal ring, left side and back, and left lower part of the abdomen. The negligence charged is that defendant failed to furnish a sufficient number of servants to assist plaintiff in lifting and carrying a railroad rail weighing approximately 750 pounds. The answer denied the negligence and affirmatively pleaded the assumption of risk by plaintiff. A reply denied the assumption of risk, and upon these issues the trial was had. At the close of plaintiff's case, defendant moved for a nonsuit, specifying as one of the grounds therefor that plaintiff's evidence showed that he assumed the risk of the injury claimed to have been received by him. This motion was overruled, and, after defendant had introduced his testimony, the jury returned a verdict for plaintiff, upon which judgment was entered. An order was made overruling defendant's motion for a new trial, and this appeal is from that order and the judgment.

As a matter of law, in this state, an employee of a railroad [1] company operating a railroad is deemed not to have assumed the risk incident to his employment, when such risk arises by reason of the negligence of his employer, or of any person in the service of such employer. (Sec. 6607, Revised Codes 1921.) However, the defense of assumption of risk may be interposed as a bar in an action for personal injuries

of an employee, when such injuries have been caused by hazard which is incident to the particular business. · When they · have resulted from a hazard brought about by a failure of the employer to exercise the degree of care required of him by law to perform his primary duty to provide a reasonably safe place of work and reasonably safe appliances for the work, the defense is also available, provided the employee is aware of the condition of increased hazard thus brought about, or it is so obvious that an ordinarily prudent person, under the same circumstances, would have observed and appreciated it. (*McCabe* v. *Montana Central Ry. Co.*, 30 Mont. 323, 76 Pac. 701; *Coulter* v. *Union Laundry Co.*, 34 Mont. 590, 87 Pac. 973; *Leary* v. *Anaconda C. Min. Co.*, 36 Mont. 157, 92 Pac. 477; *Monson* v. *La France Copper Co.*, 43 Mont. 65, 114 Pac. 778; *Fotheringill* v. *Washoe Copper Co.*, 43 Mont. 485, 117 Pac. 86; *Molt* v. *Northern Pac. Ry. Co.*, 44 Mont. 471, 120 Pac. 809; *Sorenson* v. *Northern Pac. Ry. Co.*, 53 Mont. 268, 163 Pac. 560.)

When an employee knows and appreciates the danger brought about by defective appliances or an unsafe condition of the place of his work, he assumes the risk. In this connection he is bound to use his senses, and cannot allege ignorance of a hazard which is obvious to anyone of ordinary intelligence and understanding, and though he does not appreciate the extent of the hazard, or does not know precisely the injury he may incur, the risk is his; yet, if the hazard requires knowledge or judgment not possessed by men of ordinary observation, the servant does not, as a matter of law, assume the risk. Assumption of risk implies knowledge, or the means of knowledge, and appreciation of the danger. (Cases *supra; Alexander* v. *Great Northern Ry. Co.*, 51 Mont. 565, L. R. A. 1918E, 852, 154 Pac. 914; *Morelli* v. *Twohy Bros. Co.*, 54 Mont. 366, 170 Pac. 757.)

Plaintiff introduced no other evidence than his own upon [2] the facts concerning the happening of the injury. He testified that he was twenty-eight years old and had been en-

gaged in manual labor thirteen or fourteen years; that he had been working on railroads about two or three years; that he had before assisted in carrying rails weighing from 750 and 800 pounds, and knew that six or eight men were used in such work, and that such number were necessary to carry the thing (rail) with reasonable safety to the men doing the lifting; that at the time of the injury there were only himself and three other men lifting and carrying the rail by means of two pairs of tongs; that he had been employed by the Northern Pacific Railway Company since January 31, 1919, to the date of the injury, February 17 following, during all of which time he had been handling rails and doing the same class of labor that he was engaged in at the time of the accident. This testimony discloses that plaintiff was of mature years, ex‑perienced in the work he was performing, and knew that six or eight men were necessary to move the rail with reasonable safety. If he knew that six or eight men were necessary to move the rail with reasonable safety, then it must follow that he knew it was not reasonably safe to move it with four men. Hence he must be held to have appreciated the danger when he attempted to move it with the latter number.

Plaintiff contends that, because he was acting in compliance with orders from his foreman, he did not assume the risk incident to the work he was ordered to perform. An ex‑amination of the cases cited in support of this position dis‑closes different facts than here considered. There the servants had no independent knowledge of the danger, nor was it ob‑vious, glaring or imminent. The servants, acting under orders, relied upon the superior knowledge of their masters, and in such instances it was held that the servant had the right to rely upon his master's judgment, assuming that the order could be obeyed safely, or it would not have been given. Quite the contrary in the instant case, for here we have the servant admitting his knowledge of the danger.

In cases of the character of this one, which may be classed as "strain cases," the injury occurring by overtaxing one's

strength, the rule is that the lifting of a heavy object involves no peril that is not obvious to any person of common understanding. The employee is the best judge of his own lifting capacity, and the risk is upon him if he overtaxes it. An employee, who undertakes to lift, or assist in lifting, a heavy object, knowing its weight and condition, assumes the risk of the injury due to the task being too great for his strength, and, in case injury results, he is not entitled to recover damages from his employer. (*Sorenson* v. *Northern Pac. Ry. Co., supra; Worlds* v. *Georgia R. Co.,* 99 Ga. 283, 25 S. E. 646; *Southern Kansas Ry. Co.* v. *Moore,* 49 Kan. 616, 31 Pac. 138; *White* v. *Owosso Sugar Co.,* 149 Mich. 473, 112 N. W. 1125; *Haviland* v. *Kansas City etc. R. Co.,* 172 Mo. 106, 72 S. W. 515; *Stenvog* v. *Minnesota Transfer Ry. Co.,* 108 Minn. 199, 17 Ann. Cas. 240, 25 L. R. A. (n. s.) 362, 121 N. W. 903; *Ferguson* v. *Phoenix Cotton Mills,* 106 Tenn. 236, 61 S. W. 53; *Haywood* v. *Galveston etc. R. Co.,* 38 Tex. Civ. App. 101, 85 S. W. 433; White on Personal Injuries on Railroads, sec. 339.) The exception to this rule occurs when the servant is of immature years, or is inexperienced in the particular work at which he is injured. (*Sorenson* v. *Northern Pac. Ry. Co., supra; Sherman* v. *Texas etc. R. Co.,* 99 Tex. 571, 91 S. W. 563.)

We appreciate that, if the employee should stop to make **[3]** tests and experiments to determine for himself whether he could safely obey the orders of his foreman, it would be impossible to accomplish any kind of enterprise, where a considerable number of men are employed on the same work, and that it is his duty to obey orders from superiors, unless he has independent knowledge, or it is obvious that obedience will expose him to unusual danger. Here we have the plaintiff, an employee coming under the rule in "strain cases," and in addition thereto possessing independent knowledge of the danger. That he assumed the risk is the only conclusion to be drawn from his own testimony. Defendant's motion for nonsuit should have been granted.

The order and judgment appealed from are reversed, and the district court is directed to enter judgment upon defendant's motion for nonsuit.

*Reversed.*

ASSOCIATE JUSTICES HOLLOWAY and GALEN concur.

MR. JUSTICE COOPER: I dissent. The primary duty of the employee is obedience to the orders of the master. He is on a wholly different footing from the foreman, who is charged by the employer with the duty of directing the employees, even as to the manner in which the particular act shall be done. It is bound to furnish and maintain suitable appliances for the work which it requires the employees to perform. This includes instrumentalities, as well as mechanical devices. (White on Personal Injuries, sec. 262; *Wallace* v. *Tremont Ry. Co.*, 140 La. 873, L. R. A. 1917D, 959, 74 South. 179; 3 Labatt on Master and Servant, sec. 1107; *Illinois Central Ry. Co.* v. *Langan*, 116 Ky. 318, 76 S. W. 32; *Young* v. *Lusk*, 268 Mo. 625, 187 S. W. 849.) Whether the employer has furnished sufficient help is ordinarily a question for the jury. (4 Labatt on Master and Servant, sec. 1309; *Chicago etc. Ry. Co.* v. *Cronin* (Okl.), 176 Pac. 921; *Pittsburgh etc. Ry Co.* v. *Edwards* (Ind.), 129 N. E. 310; Patterson's Railway Accident Law, sec. 297.) The true rule is: The employee never assumes risks growing out of the master's negligence, unless he knows of the failure of duty and consequent dangers, or the failure of and the danger therefrom are so obvious that an ordinarily prudent man in his situation would have observed the one and appreciated the other. (*Carter Coal Co.* v. *Howard*, 169 Ky. 87, 183 S. W. 244; *Chesapeake etc. Ry. Co.* v. *De Atley*, 159 Ky. 687, 167 S. W. 933; *Id.*, 241 U. S. 310, 60 L. Ed. 1016, 36 Sup. Ct. Rep. 564; *Illinois Central Ry. Co.* v. *Langan*, *supra;* Thompson on Negligence, sec. 4878.)

It required, as a general rule, from six to eight men to handle the rail with safety. On this occasion, there were present and participating in the lifting and carrying of the rail

the plaintiff and three other men, including the foreman, who, standing in place of the master and directing the operations, apprehended no danger on account of the diminished force. Under these circumstances, he, for the company, assumed all the risk, and not the plaintiff. It was, at least, a situation where the probability of danger was such that prudent men might entertain different views. Section 6607 of the Revised Codes of 1921 (Chap. 29, Laws 1911) reads as follows: "An employee of any such person or corporation so operating such railroad shall not be deemed to have assumed any risk incident to his employment, when such risk arises by reason of the negligence of his employer, or of any person in the service of such employer."

The common-law rule in force before the Act became effectual is correctly stated in the opinions of this court cited in the majority opinion. The Act, however, relieves the employee of that burden, except in cases where the operation involves danger so 'glaring that no prudent person would take the chances. In *Young* v. *Lusk, supra,* it was held that, even in an action under the federal Employers' Liability Act, the employer could not rely upon the defense of assumption of risk in case he himself had been negligent.

Rehearing denied June 5, 1922.

Petition for writ of certiorari denied by the supreme court of the United States on November 13, 1922.