COTTON, APPELLANT, *v.* OSTERBERG, RESPONDENT.

(No. 6,661.)

(Submitted October 7, 1930. Decided November 12, 1930.)

[292 Pac. 908.]

384

*Messrs. Hurd & Hallett, Mr. H. C. Hall* and *Mr. E. J. Mc-Cabe,* for Appellant, submitted a brief; *Mr. George E. Hurd* argued the cause orally.

*Mr. John M. Kline* and *Mr. R. S. McKellar,* for Respondent, submitted a brief; *Mr. McKellar* argued the cause orally.

388

MR. JUSTICE FORD delivered the opinion of the court.

This action was instituted by plaintiff to recover damages from defendant for personal injuries alleged to have been sustained by him while in the employ of defendant.

It appears that on April 18, 1927, plaintiff and his brother entered into an oral agreement with defendant to break 400 acres of land, defendant to furnish a gas tractor and a four-bottom Sattley plow and keep the same in repair, all necessary tools, equipment, gas and oil. Pursuant to the agreement, defendant turned over to plaintiff and his brother a tractor and plow, and they began work. Only three of the four bottoms were provided with lays. The plow was of Case-Sattley make, independent beam; that is, each beam is raised and lowered by its own lever. There were four beams and, consequently, four levers. Each beam with lay weighed 350 to 400 pounds. To lower the lay into the ground, the lever is pulled back; to raise it the lever is pushed forward. Soon after they started plowing it was found that the levers were worn and would not raise the beams high enough above the ground to permit the removal of the lays to be sharpened. When the lays became dull, plaintiff knocked off the heads of the bolts and removed the lays, took them to town, where they were sharpened. Plaintiff asked defendant for a jack or bar to be used in lifting the beams high enough to remove the lays. Defendant told him to lift the plows up and put a block of wood under them. Subsequently in removing the lays a block of wood was placed near a beam; plaintiff and his brother lifted the beam about six inches from the ground and swung it a little to the side until it rested on the block. The lay was removed, and the beam lifted off the block and on to the ground. The lays, after being sharpened, were replaced in the same manner of operation. Thus for approximately six weeks the work of changing lays was carried on. Plaintiff and his brother had lifted the beams approximately forty times. During the last change of the lays plaintiff felt a sharp pain in the abdomen and later observed a swelling in the groin. An examination by a physician disclosed a rupture.

Plaintiff was 25 years of age at the time of the injury. He was raised on a farm, and for many years had worked with plows, tractors and other farm machinery, but had never worked with a Sattley plow. He had done ordinary lifting around the farm.

At the close of plaintiff's case, defendant's motion for nonsuit was granted and judgment duly entered, from which plaintiff appeals.

We conceive the determinative question to be: Does the testimony show that plaintiff assumed the risk of the injury which he sustained?

The rule obtains in this jurisdiction in cases of this character— "strain cases"—that the employee is the best judge of his own muscular capacity, and the risk is upon him not to overtax it. An exception to the rule exists when the employee is of immature years or is inexperienced in the particular work at which he is injured. (*Boyd* v. *Great Northern Ry. Co.*, 84 Mont. 84, 274 Pac. 293; *Sorenson* v. *Northern Pacific Ry. Co.*, 53 Mont. 268, 163 Pac. 560; *Matson* v. *Hines*, 63 Mont. 214, 207 Pac. 474.) Does the testimony bring plaintiff within the exception? We think not. As we have pointed out above, plaintiff was a man 25 years of age; he had had many years of experience in handling tractors and plows, although he had never used a Sattley plow prior to his employment by defendant; during the course of the employment, extending over a period of six weeks, he had, with the assistance of his brother, lifted the plows approximately forty times; he knew that "it was pretty heavy lifting; it was about all I would want to lift, and that was so every time I lifted it." Under such circumstances it is clear that plaintiff was the best judge of his own capacity, and, in proceeding to change the lays as he did, he assumed the risk of overtaxing himself and cannot recover.

It is argued by counsel for plaintiff that whether plaintiff assumed the risk was a question of fact for the determination of the jury. Generally, the question whether or not the servant did in fact assume the risk is for the

jury to determine; this is true where the evidence is in such a condition that reasonable, fair-minded men might draw different conclusions from it, but when it furnishes ground for but one inference it presents a question of law for the determination of the court. (*Boyd* v. *Great Northern Ry. Co.,* supra; *Monson* v. *La France Copper Co.,* 43 Mont. 65, 114 Pac. 778, 779.) Here, reasonable, fair-minded men could draw but one conclusion from plaintiff's evidence, and that is that plaintiff, the best judge of his muscular capacity, overtaxed his strength, and it follows, under the rule above adverted to as obtaining in this jurisdiction, that he assumed the risk incident to his action—a matter of law addressed to the court for its decision.

The case of *Boyd* v. *Great Northern Ry. Co.,* supra, relied upon by plaintiff, is clearly distinguishable. In that case plaintiff, a farmer, had been employed by defendant for a period of but four days prior to the date of the injury; he was injured while assisting another employee in carrying a piece of angle iron; he had no knowledge of its weight, and had never at any time lifted or carried irons of that type, and did not know that it was too heavy for two men to lift. We held that, under such conditions, the question of assumption of risk was one for the jury. Here, on the other hand, the evidence clearly shows that plaintiff was experienced, having lifted the plow beams forty times, extending over a period of six weeks; manifestly, under such circumstances, he was the best judge of his own muscular capacity, and the risk was upon him not to overtax it, and the question was one of law to be determined by the court.

Counsel contend that the trial court adopted an erroneous theory in sustaining defendant's motion for nonsuit. Whether this be correct or not is of no importance, since the correct conclusion was reached; the doctrine of "wrong reason, right conclusion," applies. (*Roecher* v. *Commercial Nat. Bank,* 87 Mont. 570, 289 Pac. 388; *Whitcomb* v. *Beyerlein,* 84 Mont. 470, 276 Pac. 430; *State ex rel. Public Service Com.* v. *Great Northern Utilities Co.,* 86 Mont. 442, 284 Pac. 772.)

The conclusion we have reached makes a consideration of other questions argued unnecessary.

For the reasons given the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and MR. JUSTICE ANGSTMAN concur.

ASSOCIATE JUSTICES MATTHEWS and GALEN, being absent, did not hear the argument and take no part in the foregoing decision.