MEINECKE, APPELLANT, *v.* SKAGGS ET AL., RESPONDENTS.
No. 8917.
Submitted November 10, 1949.  Decided December 12, 1949.
213 Pac. (2d) 237.

Mr. M. J. Doepker and Mr. Maurice F. Hennessey, both of Butte, for appellant. Both argued orally.

Mr. T. J. Davis and Mr. L. C. Myers, both of Butte, for respondents. Both argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiff's complaint in this action consisted of two causes of action. The first was based upon her alleged wrongful arrest and detention. The second upon slander, consisting of the wrongful accusation of having stolen an article of merchandise from the store operated by defendants.

Defendants' motion for nonsuit was sustained as to the first cause of action but denied as to the second.

The jury returned a verdict in favor of defendants on the second cause of action.

Plaintiff's motion for a new trial was denied and she has appealed from the judgment.

She predicates error upon the granting of the motion for nonsuit as to the first cause of action.

The evidence offered by plaintiff viewed in the light most favorable to her was as follows: Defendants' store is what is known as a self-service store. Plaintiff entered it on the 19th day of December 1946 to purchase a mild laxative called Dilaxin. She did not pick up a basket in which to place the article. Not finding the tablets in their accustomed place, she asked a clerk of their whereabouts. Just as she did so, she noticed them a little farther down on the counter. She took a package of the tablets and paid the girl at the check stand. The girl dropped the pack-

age in plaintiff's purse and she left the store through the front door.

As she passed through the swinging doors onto the street, the store manager "loomed up in front of her, looking like he was awful mad."

She testified that he said to her, "You better give me what you stole from the prescription counter;" that he further said, "You know what you stole from the prescription counter," to which plaintiff replied, "Do you accuse me of stealing," and that the manager then said, "Yes." She said that she remarked to him, "I didn't think I would live to be fifty years old to be accused of stealing," and that he replied, "You know you did, you got that prescription." Plaintiff said she asked the manager three times what the article was that he thought she took and she said the name sounded like "ciclosilium." She said she showed him her purse and said, "I don't have anything." Plaintiff testified that the indications were that "he wouldn't let me go."

She then went into the store and he followed. Her purpose in doing so, she said was to talk to the clerk with whom she talked while making the purchase.

Plaintiff relies upon the cases of Kroeger v. Passmore, 36 Mont. 504, 93 Pac. 805, 14 L. R. A., N. S., 988, and Panisko v. Dreibelbis, 113 Mont. 310, 124 Pac. (2d) 997, as sustaining the view that there was what amounts to an unlawful arrest or imprisonment of plaintiff. These cases sustain the view that there may be a false imprisonment by words alone without a touching of the individual but the words must be such as the person claimed to be imprisoned feared to disregard.

Here the proof showed affirmatively that the only reason why plaintiff left the street to go into the store was to convince the manager that she did not take anything from the store that she had not paid for.

The court did not err in sustaining the motion for nonsuit as to the first cause of action.

The facts in this case are very similar to those in Great Atlantic and Pacific Tea Co. v. Billups, 253 Ky. 126, 69 S. W. (2d)

5, where like conclusion was reached. See also Alexander on "The Law of Arrest," sec. 520, page 1482.

The next and most important question urged by plaintiff is that the court erred in excluding evidence offered by her to show that on the 19th day of December 1946 her reputation for honesty and integrity was good.

Some courts permit the plaintiff to make proof of his good reputation as a part of his case in chief, but the weight of authority is to the contrary. 33 Am. Jur., "Libel & Slander," sec. 285, note 16, p. 216; 53 C. J. S., Libel and Slander, 190, p. 298.

The rule in this state is statutory that evidence of the character of a party is not admissible in a civil action until the character of such party has been impeached or unless the issue involves his character. Section 10670, R. C. M. 1935.

Plaintiff contends that the issue made by the pleadings involved her character. If that be so, then under the statute as well as the rule generally, such evidence was admissible. See 53 C. J. S., Libel and Slander, sec. 190, p. 299, note 22, and 23.

The complaint alleged that the manager of defendants "detained and stopped plaintiff on the sidewalk in front of said store and then and there maliciously intending to injure the good name and character of plaintiff * * *" spoke the words complained of.

It further alleged that "by means of said defamatory words the plaintiff has been greatly injured in her good name and character."

The answer was a general denial of the allegations of the complaint.

By way of affirmative defense the answer alleges in substance that the manager of the store was informed and believed that what plaintiff secured from the clerk in the store was a bottle of Acidulin tablets. or capsules, the selling price of which was $2.30; that plaintiff accepted the bottle of tablets from the clerk and then walked out without having the bottle checked or wrapped and without paying for it; that he thereupon "politely and courteously asked the plaintiff to give him the package which

had been handed to her.'' She asked ''What package,'' and he said, ''The package of Acidulin tablets or capsules which was handed to you by the clerk near the prescription counter in the store.'' That she said she had bought only Dilaxin and thereupon the manager turned and returned into the store and plaintiff voluntarily turned and followed him into the store, saying, ''I wish to see that clerk.'' The proof offered by defendants sustained those allegations.

The pleadings do not raise the issue of plaintiff's character as ▉ was the case in Sloneker v. Van Ausdall, 106 Ohio St. 320, 140 N. E. 121, 28 A. L. R. 159. Plaintiff did not allege that she possessed a good reputation prior to the statement complained of and hence the general denial does not present that issue. The pleadings simply present the issue as to whether defendants did what they did for the purpose of injuring plaintiff in her reputation.

Plaintiff contends that this evidence was admissible for the purpose of aggravating the damages. There is authority supporting the view that evidence of good reputation may be shown for that purpose and that the jury should be so instructed. 53 C. J. S., Libel and Slander, sec. 190, pp. 299 and 300, notes 38 and 39.

If there were error in not admitting the evidence for this limited purpose, it was harmless in this case since the jury found the issues in favor of defendants and never reached the point where it became necessary to consider the extent of plaintiff's damages.

Plaintiff next contends that her character was put in issue by ▉ the nature of the accusation made against her. There are cases sustaining the view that where the slanderous words spoken or the libel impute a crime to the one spoken of, they raise the issue of plaintiff's good reputation. See Tennant v. F. C. Whitney & Sons, 133 Wash. 581, 234 Pac. 666. Had defendants admitted making the accusation against plaintiff which she alleged in the complaint, there might have been merit in her contention. But defendants did not admit making that accusa-

tion. They did not plead justification so as to bring the case within the rule stated in 53 C. J. S., Libel and Slander, sec. 190, p. 299, and illustrated by the cases cited in the note in 28 A. L. R., p. 765. The statements which they claim were made by their manager were consistent with an honest mistake on plaintiff's part and do not impute the commission of a crime. The court was right in excluding evidence of plaintiff's good reputation for honesty and integrity.

It is next contended that the court erred in refusing to give plaintiff's offered instruction reading: "You are instructed that the law presumes that the plaintiff in this case is a person of honesty and integrity and of good moral character, and that she was not guilty of larceny in her acts or omissions, if any, in the Payless Drug Store on the day in question in this case. These presumptions have, in law, the force and effect of evidence and can only be overcome by evidence to the contrary, if any, which satisfies you, by a preponderance of the evidence, that the acts complained of by the defendants in the affirmative defense set forth in their answer are true."

The court did not err in refusing to give this offered instruction.

Ordinarily a party has the right to instructions adaptable to his theory of the case.

Had the first part of the offered instruction been so worded as to make it applicable only in the event that the jury found that defendants' manager made the charge against her which she said he did, then it might have been proper. The first part of the offered instruction was not thus restricted. Additionally, it was coupled with matter contained in the latter part of the offered instruction which was erroneous. The latter part of the refused instruction would have shifted the burden of proof to defendants. That part of the offered instruction was also confusing in that it uses the expression "acts complained of by the defendants in the affirmative defense," whereas the defendants were not in their answer complaining of anything.

A requested instruction erroneous in part is properly ex-

cluded. Ford v. Drake, 46 Mont. 314, 127 Pac. 1019; In re Carroll's Estate, 59 Mont. 403, 196 Pac. 996; State v. Louie Won, 76 Mont. 509, 248 Pac. 201; State v. Groom, 89 Mont. 447, 300 Pac. 226.

Complaint is also made of the court's refusal to give offered instruction No. 25, reading: "You are instructed that the burden is on the defendants in this case to prove the allegations of the separate and affirmative defense pleaded in their answer, and not admitted in the reply of the plaintiff, by a preponderance of the evidence, and if they have failed in sustaining this burden or if the evidence in this regard is evenly balanced, then you must find in favor of the plaintiff and against the defendants on such issues."

The affirmative defense contained nothing which would not have been admissible under a general denial. By appropriate instructions the jury was told that the burden of proof rested with plaintiff to prove her case by a preponderance of the evidence. Offered instruction No. 25 was improper because defendants were entitled to prevail if the evidence was evenly balanced, or if plaintiff failed to make out a case, regardless of what proof was offered by defendants.

Finding no reversible error in the record, the judgment is affirmed.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES FREEBOURN, METCALF and BOTTOMLY, concur.

Rehearing denied January 16, 1950.