HOLLAND FURNACE COMPANY, A *Corporation*, PLAINTIFF AND APPELLANT, *v.* FANNIE ROUNDS, DEFENDANT AND RESPONDENT.

No. 10174.
Submitted January 9, 1961. Decided March 16, 1961.
360 P.2d 412.

76

Orin R. Cure, Great Falls, argued orally, for appellant.
Burton & Randono, Great Falls, for respondent.
John M. McCarvey, Great Falls, argued orally for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of the eighth judicial district, Cascade County, entered on a verdict in favor of defendant in an action brought by plaintiff on an express contract in writing.

Defendant, Fannie Rounds, was 67, a widow, and in ill health. She lived in an eleven room, two-story house which she owned in Great Falls, Montana. On February 17, 1959, the blower unit on defendant's furnace ceased to operate and the temperature in the upper rooms in her house dropped from 10 to 15 degrees. At the time nine tenants rented rooms in the house. She called Duff Culwell, plaintiff's Great Falls branch manager, sometime on February 17, and asked him if he would stop out at her house and have a look at the blower unit. She had dealt with Culwell previously (1956) when

a new furnace was purchased. Culwell arrived at Mrs. Rounds' home late that afternoon, and after inspecting the blower unit he convinced her that she needed a new blower unit. Defendant thereupon signed a contract for the purchase of a Holland Filter Blower Unit. The price of the unit was $468. Defendant also signed an application for a property improvement loan as the purchase of the filter blower unit was to be financed through the First National Bank of Great Falls. Installation of the unit was begun on February 19 and completed on February 23.

Defendant's son, Arthur Rounds, generally advised her on all business deals, but he did not do so in this instance because he was out of town. When Arthur returned to Great Falls shortly after the installation of the blower had been completed, he saw his mother and inspected the unit. Thereupon Arthur cancelled the loan application at the bank, notified plaintiff that it was charging his mother too much, and that it should either take the unit out or accept a reasonable amount in settlement. Plaintiff refused to take the unit out or accept any amount less than the price called for by the contract, and on July 14, 1959, plaintiff filed this action to recover on the contract.

Defendant's amended answer contained an affirmative defense alleging that plaintiff's agent, on or about the 17th day of February 1959, intending to deceive her and induce her to purchase a filter blower from plaintiff, made certain false representations, to-wit:

(1) That defendant's present blower unit was irreparably damaged;

(2) That failure to replace said blower unit immediately would seriously endanger defendant's residence and person; and,

(3) That the reasonable value for a new blower unit was $468.

Defendant also alleged that in reliance upon said represen-

tations she was induced to sign the contract for the purchase of the Holland Filter Blower Unit, and that she suffered $5,000 damages thereby as a result.

Plaintiff made a motion to strike the affirmative defense at the conclusion of the testimony entered on behalf of defendant, on the grounds that there was no evidence whatsoever of any fraudulent representations or of the damages alleged. This motion was sustained insofar as defendant's allegation that she had suffered $5,000 damages, but it was denied as to her allegations of fraud. The jury returned a verdict in favor of Mrs. Rounds, and judgment was entered thereon that plaintiff take nothing by its complaint. Plaintiff appeals from this judgment.

By its first specification of error, plaintiff contends that the district court erred in refusing to strike the defense of fraud. Plaintiff's position is that defendant did not sufficiently prove that the alleged fraudulent representations had been made and that she relied on them so as to present a question for the jury.

Questions of fact should be submitted to a jury for their determination whenever they are supported by any substantial evidence. Tague v. John Caplice Co., 28 Mont. 51, 72 P. 297. Likewise, fraud as a defense to a suit on a contract is a question of fact whenever it is supported by substantial evidence, and in such a case it should be submitted to a jury. Helena Adjustment Co. v. Claflin, 75 Mont. 317, 243 P. 1063.

The question then arises, how do we determine whether there is any substantial evidence in support of defendant's defense of fraud?

Plaintiff asserts that where the party advancing an issue testifies on his own behalf and there are material conflicts and contradictions in his testimony relating to said issue, then, in determining whether there is any substantial evidence in support of the issue, the party's testimony must be viewed in the light least favorable to him. See Casey v. Northern Pacific

Ry. Co., 60 Mont. 56, 198 P. 141; Morton v. Mooney, 97 Mont. 1, 33 P.2d 262; Annotation at 169 A.L.R. 798.

Defendant was the only witness other than Duff Culwell to testify as to the alleged fraudulent representations. Culwell emphatically denied making any of them. Defendant's testimony was contradictory. At times she testified that the fraudulent representations were made and that she was induced to sign the contract for the purchase of the blower unit in reliance on them, but at other times she testified that she was induced to sign the contract as a result of other representations which were not fraudulent.

▮ Plaintiff's contention in our view is erroneous for even though a party has testified in a conflicting and contradictory manner on his own behalf, the weight to be given to the different portions of his testimony should be left to the jury if that portion of the party's testimony most favorable to him constitutes substantial evidence. A. T. Klemens & Son v. Reber Plumbing & Heating Co., 139 Mont. 115, 360 P.2d 1005.

Viewing the defendant's testimony concerning the alleged fraudulent representations in the light most favorable to her we find that there is substantial evidence in support of the issue of fraud.

By its second specification of error, plaintiff again contends that the district court committed error by refusing to grant its motion to strike defendant's defense of fraud. Plaintiff's position in this specification is that defendant's answer was not a proper pleading of fraud, and therefore the district court should not have permitted that issue to go to the jury.

▮ We find no merit in this specification of error. Assuming arguendo that defendant's defense of fraud was not properly pleaded, still, all evidence in support of the issue of fraud was entered without any objection from plaintiff. Therefore, the pleading will be treated as if it had been amended to admit the introduction of the evidence. Schaff v. Shaules, 137 Mont. 357, 352 P.2d 265. This being so, the district

court did not commit error in denying plaintiff's motion to strike the defense of fraud on this ground.

Plaintiff's third specification of error is an assertion that the district court committed error in refusing to give the following instruction which plaintiff had offered:

"You are instructed that a mere fraudulent representation is not of itself a defense. To entitle the defendant to prevail in this action, she must not only show by preponderance of evidence, that representations were made, and that they were false and fraudulent, then she must show affirmatively, by a preponderance of the evidence that she has been injured thereby and that she has been placed in a worse condition than she would have been had the statements been true."

Plaintiff contends that defendant must show that she was damaged, injured, or prejudiced as the result of her reliance on the alleged fraudulent representations before she is entitled to a verdict in her favor.

Even though there is some authority stating that damage or injury need not be shown in situations where fraud is advanced as a defense to a suit on a contract (Kohl v. Taylor, 62 Wash. 678, 114 P. 874, 35 L.R.A.,N.S., 174, 189; Metropolitan Life Ins. Co. v. James, 231 Ala. 295, 164 So. 377; 23 Am.Jur., Fraud and Deceit, § 174, p. 993; Restatement, Contracts, § 476, p. 908), the rule in Montana is contrary. Damage, injury, or prejudice from reliance on fraudulent representation is a necessary element of fraud whether fraud is being advanced as a ground for recovery or defense. Butte Hardware Co. v. Knox, 28 Mont. 111, 72 P. 301; Lindsay v. Kroeger, 37 Mont. 231, 95 P. 839; Ott v. Pace, 43 Mont. 82, 115 P. 37; Buhler v. Loftus, 53 Mont. 546, 165 P. 601; Stillwell v. Rankin, 55 Mont. 130, 174 P. 186; Emerson-Brantingham I. Co. v. Anderson, 58 Mont. 617, 194 P. 160; Equity Co-Operative Ass'n of Roy, Mont. v. Equity Co-Op. Milling Co., 63 Mont. 26, 206 P. 349; Courtney v. Gordon, 74 Mont.

408, 241 P. 233; Morigeau v. Lozar, 81 Mont. 434, 263 P. 985; and Mason v. Madson, 90 Mont. 489, 4 P.2d 475.

Plaintiff was entitled to an instruction which placed on defendant the burden of showing that she had been damaged, injured, or prejudiced by her reliance on the fraudulent representations; however, the refusal to give an instruction covering such point is not reversible error unless it was prejudicial, i. e., unless the refusal affected plaintiff's substantial rights. Richardson-Roberts-Byrne Dry-Goods Co. v. Goodkind, 22 Mont. 462, 56 P. 1079; 3 Am.Jur., Appeal and Error, § 1128, p. 646. See also Surman v. Cruse, 57 Mont. 253, 187 P. 890; Cramer v. Deschler Broom Factory, 79 Mont. 220, 255 P. 346.

The failure to give the requested instruction did not affect plaintiff's substantial rights, for even if it had been given, the evidence would not have supported a jury finding that defendant had not suffered damage, injury, or prejudice. See 3 Am. Jur., Appeal and Error, § 1111, p. 634; Berthelote v. Loy Oil Co., 95 Mont. 434, 28 P.2d 187; Maynard v. City of Helena, 117 Mont. 402, 160 P.2d 484. The evidence was uncontradicted in the instant case that defendant had been prejudiced. The evidence indicated that defendant could have had her old blower unit repaired for $50; it had not been irreparably damaged. Also, it appears from the evidence that defendant could have purchased a comparable unit which would have adequately circulated the heat in her house for around $225; instead, she relied on the representations made by Culwell and purchased the blower unit from plaintiff. She changed her position and purchased an article which she would not have but for the fraudulent representations. This satisfies the requirement of damage, injury or prejudice. Stillwell v. Rankin, 55 Mont. 130, 174 P. 186.

So that we will not be accused of giving our stamp of approval to the particular instruction which plaintiff requested,

we deem it necessary to make a comment on it before passing on to plaintiff's next specification of error.

This instruction was taken from 9 Am. Jur., Pleading and Practice Forms, p. 364. The instruction as it appears in that publication was designed for use by a party bringing an action for damages on the grounds of fraud. Plaintiff made some minor word substitutions so as to adapt it to the situation where a party is advancing fraud as a defense to a suit on a contract. Plaintiff's adaptation is not a particularly good one, and we fail to see why plaintiff did not request the very next instruction set out in the above publication as it was specifically designed for use in a case where fraud is being advanced as a defense to a suit on a contract.

Plaintiff's fourth specification of error is an assertion that the district court erroneously gave the following instructions over its objection:

"Fraud may be a false statement or statements made for the purpose of inducing another to part with money or other valuable things, which are calculated to influence the person to whom they are made, and which, of course, do actually deceive the person to whom they are made, thereby, inducing him to part with his money or other valuable thing."

"You are instructed that if you find by a preponderance of the evidence that the contract in question was induced by fraud and that the defendant offered to return the filter blower unit within a reasonable time, it was not necessary that the defendant pay for the return of the property to the plaintiff."

Plaintiff claims that the first instruction set out above is deficient in the following particulars:

(1) It does not impose the requirement that the person making fraudulent representation must know that the same is untrue or have had such knowledge that he was not justified in believing it to be true (see R.C.M. 1947, § 13-308) ;

(2) It does not state that the false statement must be material, that it must be believed, that the hearer had a right

to rely on it, or that the hearer was damaged or injured by his reliance on it; and,

(3) It does not exclude dealer's bragging or puffing.

Aside from the assertion that the instruction does not state that the hearer has to be damaged or injured as the result of his reliance on the fraudulent representation, which assertion is amply treated by what we said in regard to plaintiff's third specification of error, all of the other alleged deficiencies were covered by other instructions.

The charge to the jury must be read in its entirety, Surman v. Cruse, 57 Mont. 253, 187 P. 890, supra, and a party "cannot complain as to the giving of a certain instruction where the charge as a whole states the law applicable to the case." Ball v. Gussenhoven, 29 Mont. 321, 74 P. 871.

Plaintiff argues that the giving of the second instruction above was erroneous because defendant did not plead or ask for rescission of the contract. Plaintiff's objection to the instruction during the settlement of instructions was on an entirely different basis.

An objection to an instruction which was not advanced at the time of settling the instructions is not properly available to plaintiff on appeal to this court. Brennan v. Mayo, 100 Mont. 439, 50 P.2d 245. See R.C.M. 1947, § 93-5101.

Plaintiff's final specification of error is that the verdict of the jury is against the evidence. "The evidence adduced at the trial is conflicting, but there is substantial evidence which, if believed, sustains the verdict of the jury. This being so, we will not disturb that verdict, or the judgment entered thereon." Carpenter v. Free, 138 Mont. 552, 357 P.2d 882, 884.

For the foregoing reasons the judgment of the district court is affirmed.

MR. JUSTICES ADAIR, ANGSTMAN, CASTLES and JOHN C. HARRISON, concur.