[No. 36123.    Department Two.    April 12, 1962.]

TOM KELSEY et al., *Respondents*, v. PAUL POLLOCK et al., *Defendants*, ELLSWORTH H. HARRINGTON et al., *Appellants.**

* Reported in 370 P. (2d) 598.

*Splawn & Bounds*, for appellants.

*Everett O. Butts* and *A. A. Samboni*, for respondents.

HUNTER, J.—This is an appeal from a judgment entered in an action for personal injuries. The injuries were sustained by the plaintiffs when the taxicab, in which they were riding as passengers, collided with another car in an uncontrolled intersection.

The plaintiffs (respondents) commenced actions against the taxicab owner, the driver of the taxicab, and Ellsworth Harrington, driver of the other car involved in the collision, and his wife. The cases were consolidated for trial and a jury returned a verdict against both sets of defendants. Only the defendants (appellants) Harrington and his wife have appealed.

The accident occurred in the intersection of two non-arterial streets in the city of Yakima. The defendant Harrington, the favored driver, was approaching the intersection in a northerly direction; the taxicab, the disfavored car, was proceeding toward the intersection in an easterly direction. When the defendant was 50 to 75 feet south of the intersection, he looked to his left a distance of approximately 125 feet to the west of the intersection and did not see any car approaching. He then continued onward at a speed of approximately 20 to 25 miles per hour, looking only forward and to his right. It was not until he had proceeded into the intersection that he first caught a glimpse of the taxicab on the left. At that point, he applied his brakes, but there was no opportunity to avoid the collision.

The defendants assign error to the trial court's refusal to give the defendants' requested instructions which related to the rule that a favored driver has the right to assume that a disfavored driver will yield the right of way, until he knows, or in the exercise of reasonable care should know, that the right of way will not be yielded.

The rule is that a favored driver who has done nothing to confuse or deceive a disfavored driver is entitled to assume that the latter will yield the right of way. *Massengale v. Svangren*, 41 Wn. (2d) 758, 252 P. (2d) 317 (1953).

■ There is nothing in the record to show the favored driver did anything to confuse or deceive the disfavored driver. Furthermore, the favored driver is not to be denied the benefit of the assumption merely because of his failure to observe the disfavored driver, for the reason that the jury must consider the conduct of the disfavored driver in determining whether the failure of the favored driver to look to the left was a proximate cause of the accident. In the consideration of this issue, the jury must recognize the favored driver is entitled to the benefit of the assumption that the disfavored driver will yield the right of way. *Massengale v. Svangren, supra.*

■ We are of the opinion that the evidence in the record presents a factual issue as to the question of proximate cause. The evidence discloses that the taxicab was traveling toward and into the intersection at a speed of 35 miles per hour, or more, in a 25-mile per hour speed zone. The taxi driver testified that as he entered the intersection he noticed the favored driver's vehicle and, in order to avoid the collision, he put the gear shift into second gear and accelerated the speed of the car. An eyewitness to the collision testified that the disfavored car was 30 to 40 feet to the left of the intersection at the time the favored car entered the intersection. From this evidence, the jury could have concluded that had the favored driver looked again to the left before entering the intersection he would have been acting reasonably in proceeding on the assumption that the disfavored driver would check his speed and yield the right of way. The jury further could have found that when it should have become apparent to the favored driver that the right of way would not be yielded, it was then too late to avoid the collision.

■ Under these circumstances, the trial court erred in its refusal to instruct the jury as to the favored driver's reliance on this assumption, because it was material to the jury's consideration of whether the failure to look was a proximate cause of the collision. A party is entitled to have the court instruct the jury on his theory of the case when there is substantial evidence to support it. *Woods v.*

*Goodson,* 55 Wn. (2d) 687, 349 P. (2d) 731 (1960). For the trial court's guidance, we find the defendants' proposed instructions Nos. 11 and 12 to be correct statements of the law in this regard.

The judgment is reversed and the cause remanded for a new trial as to the defendants' liability only. Costs will abide the final result of the cause.

FINLEY, C. J., DONWORTH, OTT, and HAMILTON, JJ., concur.