EARL F. FRANCK AND TRUCK INSURANCE EXCHANGE,
A CALIFORNIA CORPORATION, PLAINTIFFS AND APPELLANTS, *v.*
CLARENCE HUDSON, DEFENDANT AND RESPONDENT.
No. 10400.
Submitted May 18, 1962. Decided August 9, 1962.
373 P.2d 951.

Murphy, Robinson & Keller, Kalispell, Robert S. Keller, Kalispell (argued orally), I. James Heckathorn (appeared), Whitefish, for appellants.

Walchli, Korn, Warden & Walterskirchen, Kalispell, Merritt N. Warden (argued orally), for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of the eleventh judicial district. The action was for damages resulting from a collision of plaintiff Franck's logging truck with defendant's cattle.

On September 16, 1958, the defendant, owner of about eighty

head of cattle, was herding them along the east side of U. S. Highway 93 with the aid of Walter Johnson.

At a point about one-third of a mile south of Eureka, Montana, the highway rises to form a hill which is not steep, although high enough to somewhat obscure the vision of those approaching from either side of the hill. At the trial there was conflicting evidence as to what extent the vision of plaintiff's driver was obscured by the hill.

When it reached the hill the herd moved onto the highway proper so that it extended completely across the highway. The herd was about half-way up the hill when the accident happened. Guy E. Allen, an employee of plaintiff Franck, was driving Frank's logging truck and trailer with a full load of logs. Heading north towards Eureka the truck came over the crest of the hill and went between defendant who was almost at the head of the herd on the west side and Walter Johnson who was at the rear of the herd on the east side. There was conflicting testimony as to the speed of the truck and whether or not the defendant waved to warn Allen. The truck collided with twenty head of cattle and hit a pickup truck which had stopped immediately north of the herd. The pickup truck, claimed to be owned by Glen Keltner, was being driven by Rufus Holder. The logging truck, with the pickup being pushed in front, went off the highway on the west side and overturned.

By a third amended complaint, plaintiff Franck joined his insurer, Truck Insurance Exchange, as a party plaintiff. The complaint alleged negligence upon the part of the defendant in blocking the highway so as to obstruct the passage of vehicles at a point where vision was obstructed, and in failing to post guards to warn oncoming vehicles. Plaintiff Truck Insurance Exchange asked damages of $2,133.97, the amount it paid for repairs to the logging truck and trailer. Plaintiff Franck asked damages of $250, the amount he had to pay towards the repairs, and $1,080 damages for loss of use of the truck while it was being repaired. Plaintiffs also asked damages for loss of the

pickup based on an assignment of the claim by the owner to the plaintiffs. The defendant cross-complained asking damages for the negligent killing of twenty head of cattle, for the cost of removing the dead cattle from the highway, and for exemplary damages of $5,000 under R.C.M. 1947, § 17-408.

The jury gave a verdict for defendant cross-complainant and awarded $5,100 damages for loss of the cattle and costs of removal and $2,500 exemplary damages. Judgment was rendered accordingly and plaintiffs appealed.

The question presented by plaintiffs' first specification of error is whether the court erred in failing to give plaintiffs' offered instructions number 5 and 6.

Plaintiffs' offered instruction 5 is as follows:

"You are instructed that the driving or herding of cattle on a public highway is not unlawful in Montana. However, there are reciprocal duties on the part of all users of public highways toward each other to use ordinary care not to encroach upon the rights of other highway users. No highway user can appropriate the highway to his own use to the exclusion of other lawful users.

"If you find that defendant's herd extended across and blocked the entire highway at a point where vision was obstructed, and you further find that the defendant failed to give sufficient notice or warning of such herd to plaintiff's employee, Guy E. Allen, at the time of the accident complained of, then you must find that the defendant was negligent."

Plaintiff's offered instruction 6 provides:

"The law imposes upon the driver of any vehicle using a public highway, and herder of cattle, the same duty, each to exercise ordinary care to avoid causing an accident from which injury might result. The cattle herder's duty, while using the highway, includes exercising ordinary care to avoid placing himself or others in danger. The driver's duty requires him to be vigilant at all times, keeping a lookout for traffic and other conditions to be reasonably anticipated, and to keep the vehicle under such control that, to avoid a collision with any other

person or with any other object, he can stop as quickly as might be required of him by eventualities that would be anticipated by an ordinarily prudent driver in like position.''

■ ''There is no error in refusing to give a particular instruction when the trial court has included the same subject matter in other instructions.'' Kornec v. Mike Horse Mining Co., 120 Mont. 1 at 12, 180 P.2d 252 at 258.

■ Although plaintiff's offered instructions 5 and 6 may be a correct statement of the law, since the same subject matter was sufficiently covered in instruction 8 and the last sentence in number 20, the refusal of plaintiffs' offered instructions 5 and 6 was not error. Instruction 8 reads as follows:

''Where two parties have an equal right to use a public highway, each must use it so as not to injuriously interfere with the other's right, and each much exercise a degree of care commensurate with the danger of the agency that he himself is using.''

The last sentence in instruction 20 provides:

''But a person driving cattle on a public highway must act in a reasonable and prudent manner under the circumstances and a failure to do so constitutes negligence on his part.''

■ Plaintiffs contend that the court erred in giving instructions 12 and 17. Plaintiffs' objection to instruction 17, at the time of settling instructions, and in this court, was that the instruction was not applicable since there was no allegation of certain negligence in defendant's cross-complaint, to-wit, failure to drive at an appropriate reduced rate of speed when approaching a hill crest. Failure to allege that act of negligence was cured by the evidence that went in at the trial without objection. Schaff v. Shaules, 137 Mont. 357, 352 P.2d 265. Negligence in that regard was therefore a proper matter to submit to the jury by an appropriate instruction number 17. The same reasons apply to the giving of number 12 as apply to the giving of number 17. Further, the specific objection now urged as to number 12 was not made before the trial court and plaintiffs

are now precluded from raising it here. Holland Furnace Co. v. Rounds, 139 Mont. 75, 360 P.2d 412. See R.C.M.1947, § 93-5101.

We have examined all of the instructions and find that taken as a whole they adequately state the applicable law. The charge to the jury must be read in its entirety, and a party cannot complain as to the giving of certain instructions where the entire charge states the law applicable to the case. Holland Furnace Co. v. Rounds, supra.

Next plaintiffs contend that a new trial should be awarded for irregularity in the proceedings. This is mainly based on a remark made by defendant's counsel in closing argument. Plaintiffs claim that the remark was prejudicial. Plaintiffs did not move for a mistrial or for any other similar relief. Another jury instruction was asked for and given. In Herren v. Hawks, 139 Mont. 440, 365 P.2d 641, this court recently stated:

"A long line of cases in this state has established the rule that when a party fails to make a timely objection to an irregularity in the proceedings of the court, or to bring the court's attention to the matter by a motion for a continuance or mistrial, then the irregularity is waived."

We do not condone the conduct of defendant's counsel, but since plaintiffs did not obtain an adverse ruling on the matter by the trial court, they are now precluded from a determination thereon by this court. See Hayward v. Richardson, 136 Mont. 241, 347 P.2d 475.

Finally, plaintiffs argue that the award of punitive damages is not justified by the evidence and is excessive. The jury was instructed that they could award exemplary damages not in excess of $5,000 (the amount prayed for in the cross-complaint), if they found that the cattle were injured by reason of gross negligence in disregard of humanity. This was based upon section 17-408, R.C.M.1947, which provides:

"For wrongful injuries to animals, being subjects of property, committed wilfully or by gross negligence, in disregard of humanity, exemplary damages may be given."

██ ██  Under this provision it was within the province of the jury to fix the amount of exemplary damages. This court will not interfere with such a determination by a jury unless it appears to have been influenced by passion, prejudice, or some improper motive. Panisko v. Dreibelbis, 113 Mont. 310, 317, 124 P.2d 997. When an award of damages is wholly out of proportion to the wrong and its cause and it is so large that it cannot be accounted for on any other theory, the conclusion is inescapable that the award was measured by passion and prejudice of the jury. De Celles v. Casey, 48 Mont. 568, 576, 139 P. 586.

██  Under the facts and section 17-408, supra, it does not appear that the award of exemplary damages in this case is too large or wholly out of proportion to the wrong done so that we may hold that the award was measured by passion and prejudice of the jury. Accordingly we will not interfere with the determination by the jury on the amount of exemplary damages.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and JOHN C. HARRISON concur.