RUBEN WOLLAN, Plaintiff and Respondent, *v.* BILL
LORD, Defendant and Appellant.

No. 10529

Submitted May 14, 1963. Decided September 17, 1963.

385 P.2d 102

Loren J. O'Toole, Plentywood, John C. Sheehy, Billings (argued), for appellant.

Vernon Hoven, Missoula (argued), for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment rendered in the district court of the fifteenth judicial district in and for the County of Sheridan. The jury found for the plaintiff (respondent here) in the sum of $10,000, and the defendant brings this appeal. On appeal, the appellant contends that the plaintiff was guilty of contributory negligence as a matter of law; that

the evidence did not show any act or omission of defendant as a proximate cause of plaintiff's injuries; and that the jury was not properly instructed on the question of assumption of risk.

The facts are as follows: About twenty or twenty-five days prior to the accident, the defendant hired plaintiff to work on his grain farm near Plentywood. It appeared that during the first weeks of his employment he did general work about the farm. Then in the latter part of July defendant began to prepare his combine for the coming harvest season. It took him about a week to do this, working on and off. During this time plaintiff worked with him on the combine.

On or about August 19, 1960, plaintiff and his employer were riding on the combine when plaintiff drove the machine over a ditch. In the process, the machine picked up a rock which became lodged in the auger on the platform. The plaintiff before climbing down from the seat pressed an electro-magnetic switch, the effect of which was to stop the power running to the forward part of the combine including the reel. The plaintiff did not however, disengage the hand clutch which would have disconnected the cutting reel from any possible power connection with the motor. Plaintiff brought a metal bar about 30 inches in length and he and the defendant went around to the reel of the combine. The plaintiff first attempted to use the metal bar to pry the rock loose, however, he was unsuccessful. Then the defendant attempted to remove the rock with the bar and was likewise unsuccessful. Defendant testified that as he walked around to the side of the combine he saw the plaintiff about to place his hands inside the reel in order to remove the rock. Defendant asserted that he told him to get his hands out of there, but plaintiff testified he did not recall such warning. Plaintiff admits he then reached through the reel in order to remove the stone. As plaintiff dislodged the rock, the threshing and cutting portions of the combine immediately came into operation. The plaintiff was struck

on the back or shoulder by one of the slats of the reel, which threw him forward into the cutting bar. His left hand was thrust forward and was lacerated at the cutter bar, but he avoided further injury by throwing himself down.

At the trial there was testimony that prior to the accident the electro-magnetic switch on the combine was found to be defective, and defendant attempted to purchase a new one. Being unable to obtain one, defendant then crossed the wires and by-passed the switch in order to operate the machine. Some seven or eight days prior to the accident defendant uncrossed the wires and found the switch to be working properly. He reported this to the plaintiff, who then used the combine in this condition for seven or eight days. Plaintiff testified that during this period he used the switch as much as fifty times a day, and that it operated properly.

The appellant in this case sets out seven different specifications of error, however, these can be resolved into two main questions for our consideration. The first question concerns the evidence supporting the verdict. Appellant alleges that the respondent was guilty of contributory negligence as a matter of law and that the evidence does not reveal any act or omission of the appellant as a proximate cause of the respondent's injuries.

This court has repeatedly held that the question of contributory negligence is a question of law only when the evidence is of such a character that it will support only one legitimate inference, otherwise it is a question of fact for the jury. Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025; Monforton v. Northern Pacific Ry. Co., 138 Mont. 191, 355 P.2d 501; Dahlin v. Rice Truck Lines, 137 Mont. 430, 352 P.2d 801. That the evidence was not of such a character as to support only one inference is here apparent. The findings of a jury will not be overruled unless there is not substantial evidence to support it. Green v. Wolff, 140 Mont. 413, 372 P.2d 427; Wyant v. Dunn, 140 Mont. 181, 368 P.2d 917; Holland

Furnace Co. v. Rounds, 139 Mont. 75, 360 P.2d 412. This is especially true when the trial court, as in the instant case has passed on the sufficiency of the evidence on a motion for a new trial and has upheld its sufficiency. Jessen v. O'Daniel, 136 Mont. 513, 349 P.2d 107; Batchoff v. Craney, 119 Mont. 157, 172 P.2d 308. A reading of the transcript reveals there is ample evidence to support the jury's findings and thus there is no merit in this contention.

■ The appellant, in a similar vein, argues that there is no evidence to support the jury's finding that the proximate cause of appellant's injuries was the negligence of the respondent. We have given careful consideration to all the evidence in this case, and in our view, there is substantial evidence to support the jury's finding in this regard also.

The second question concerns the defense of assumption of risk. Appellant urges that the respondent assumed the risk of the defective electro-magnetic switch as a matter of law; and that the motion for a directed verdict should have been given or at very best that the jury should have been instructed on assumption of risk.

■■ The defense of assumption of risk is similar to the defense of contributory negligence in many respects. One of which is when it will be considered a question of law. Like the defense of contributory negligence, it is a question of law only when the evidence will support but one legitimate inference. Cotton v. Osterberg, 88 Mont. 383, 292 P. 908; Boyd v. Great Northern R. Co., 84 Mont. 84, 274 P. 293; Monson v. La-France Copper Co., 43 Mont. 65, 114 P. 779. The evidence pertaining to this defense has been reviewed carefully, and this court cannot rule that the only inference it will support is that the respondent assumed the risk. This is a question for the jury.

The second part of appellant's contention, that the jury was not properly instructed on the defense of assumption of risk, requires a closer examination.

The defense of assumption of risk in Montana arises from statute. R.C.M., § 41-103, provides that: "An employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed." This statute is limited to ordinary risks and does not include "extraordinary risks", that is, risks which are a result of the employer's negligence. However, the law is clear that in Montana these extraordinary risks are assumed also, if the servant knows of them or they are so obvious he should have known of them. Leonidas v. Great Northern R. Co., 105 Mont. 302, 72 P.2d 1007; Grant v. Nihill, 64 Mont. 420, 210 P. 914; Matson v. Hines, 63 Mont. 214, 207 P. 474.

In order to charge the servant with assuming a risk, four elements must be proved by a master: (1) knowledge, actual or implied, of the particular condition; (2) appreciation of this condition as dangerous; (3) a voluntary remaining or continuing in the face of the known dangerous condition; (4) injury resulting as the usual and probable consequences of this dangerous condition. A review of the transcript indicates that the appellant introduced evidence pertaining to all four of these elements. The defense was also specially pleaded in the answer, and the trial judge seems to have recognized it as an element of the case when he gave Plaintiff's Proposed Instruction Number 24 which stated:

"You are instructed that the burden of proof is upon the defendant to prove by a preponderance of the evidence that the plaintiff was contributorily negligent or that the plaintiff assumed the risk of the hazard."

Appellant's counsel offered an instruction which correctly stated the law of Montana as to this defense which was refused by the trial judge. Defendant's Proposed Instruction Number 22 read:

"You are instructed that Ruben Wollan, the plaintiff, by the act of entering the employment of the defendant assumes all the usual and ordinary risks attendant upon his employment,

504

not including risks arising from the negligence of the employer, and he assumes the latter as well if he knows of the defects from which they arise and appreciates the dangers which flow from such defects.

"If you find that the plaintiff, Ruben Wollan, was aware of the dangers, you can conclude that he has assumed the risks of his employment, and you should enter a verdict for the defendant, Bill Lord." See Grant v. Nihill, supra.

A trial judge will not be held in error for refusing to give instructions where the subject has been adequately covered by other instructions, Carter v. Miller, 140 Mont. 426, 372 P.2d 421; Franck v. Hudson, 140 Mont. 480, 373 P.2d 951; Holland Furnace Co. v. Rounds, 139 Mont. 75, 360 P.2d 412; or where it is not applicable to the pleadings and the evidence. Malano v. Bressan, 76 Mont. 366, 245 P. 871; Schumacher v. Murray Hospital, 58 Mont. 447, 193 P. 397; Townsend v. City of Butte, 41 Mont. 410, 109 P. 969. However, a party has a right to have instructions given which are adaptable to his theory of the case. Meinecke v. Skaggs, 123 Mont. 308, 213 P.2d 237; Kelsey v. Pollock, 59 Wash.2d 796, 370 P.2d 598; People ex rel. Department of Public Works v. Donovan, 57 Cal.2d 346, 19 Cal.Rptr. 473, 369 P.2d 1; especially where, as here, the refusal of the instructions deprived the appellant of a possible defense. This was prejudicial error. O'Connell Ranch Co. v. Great Falls Livestock Comm. Co., 136 Mont. 23, 343 P.2d 703.

Judgment reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES and DOYLE, concur.

MR. JUSTICE ADAIR, dissenting:

I dissent. In my opinion the judgment of the district court is correct and it should be affirmed. I reserve the right to hereafter set forth my reasons.