VIOLA CLARK, Plaintiff and Appellant, *v.* REX WOR-
RALL and CANYON HOTELS, INC., Defendant and Re-
spondent.

No. 10887.
Submitted September 17, 1965. Decided October 28, 1965.
406 P.2d 822.

Richard J. Conklin (argued), White Sulphur Springs, for appellant.

Rognlien & Hash, Kalispell, D. Gordon Rognlien (argued), Kalispell, Kenneth E. O'Brien (argued), Kalispell, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a judgment on a jury verdict for the

defendant and from the court's order denying a new trial. The defendant cross-appeals from an order denying its motion for non-suit and directed verdict. The action arose from an eye injury suffered by the plaintiff while at a bowling alley owned by the defendant, Canyon Hotels, Inc., and operated by the defendant Rex Worrall. It is located in Columbia Falls. Trial was held in May 1964 before the Honorable E. B. Foot of the Eleventh Judicial District of the State of Montana.

On the night of Saturday, April 11, 1961, the plaintiff entered the defendant's bowling alley sometime after 9:00 P. M. A tournament was in progress. The plaintiff intended to make a bowling reservation for her sister, watch her husband compete in the tournament and then join him along with other friends in the defendant's lounge for drinks. She sat down in the second of two rows of seats provided for spectators. After watching the bowling for a few minutes she decided to make her sister's reservation. As she arose, she slipped and fell. Upon throwing out her hand to break her fall she caused a seat to fold up. As the seat came up, it met the plaintiff's head coming down, causing a cut over her right eye. The result was a serious misfortune. The blow caused a permanent condition known as diplopia or double vision. While the plaintiff can see well out of each eye separately, she cannot use both at the same time. Consequently she must keep one eye covered at all times.

The plaintiff alleged that the defendant's bowling alley was in a rundown, neglected condition; that bright lighting caused dark shadows in the spectator area; that the aisles were narrow and the seats so closely spaced as to prevent adequate mobility. She further alleged that the floors were wet from the spilling of beverages and were covered with debris. Specifically, the plaintiff testified that she slipped on a piece of cellophane paper lying on the wet surface beneath her seat.

The defendant's evidence indicated that the distance between the two rows was greater than the standard. It disclosed that

the area had been cleaned at 4:00 P. M. that afternoon. Crowds prevented any further cleaning that night. The person designated to clean the alleys did not know of spillage and debris in the area where the accident occurred although such spillage and debris was "to be expected."

The plaintiff testified that she had been on the premises a few times before, but denied having any knowledge on the night of the mishap of the condition it was in. She further contended that the fact that the chairs would fold up was not apparent to her.

Plaintiff-appellant's first major contention is that the trial court erred in allowing testimony pertaining to the condition of the defendant's bowling alley at the time of trial and in permitting the jury to view the premises. The argument is that during the three years that elapsed between the time of the accident and the time of the trial, material changes had been made on the premises. It is contended that these alterations remedied conditions which contributed to the cause of the injury and thus prejudiced the plaintiff's efforts to show what defects existed at the time of the mishap.

R.C.M.1947, § 93-5102, provides:

"When, *in the opinion of the court,* it is proper for the jury to have a view of the property which is the subject of litigation, or of the place at which any material fact occurred, it may order them to be conducted, in a body, under the charge of an officer, and one person representing each party, to the place, which shall be shown to them by the persons appointed by the court for that purpose. While the jury is thus absent, no person, other than the persons so appointed, shall speak to them on any subject connected with the trial and such persons shall not speak to the jury upon any matters connected with the subject of the action, but may point out to the jury the property in litigation, or the place at which any material fact occurred." (Emphasis supplied.)

Whether a viewing of the premises is to be permitted

is a matter within the discretion of the trial court. Puetz v. Carlson, 139 Mont. 373, 364 P.2d 742. It is generally held that even where there has been a change in the condition of the scene of the accident or in a thing which contributed to the accident a viewing is still in the discretion of the court. See annotation at 85 A.L.R.2d 512. Only where there has been an abuse of discretion will the lower court be reversed. Puetz v. Carlson, supra; Nunneley v. Edgar Hotel, 36 Cal.2d 493, 225 P.2d 497. In the case at bar, the alterations to defendant's bowling alley which are revealed by the record appear to have little relationship to the causes of the accident. Apparently the only change of a factor which might have had a bearing in the plaintiff's fall was in the lighting. The effect of this change was to decrease the illumination in the area where the accident occurred. The back row of seats where the plaintiff fell was virtually the same when viewed by the jury as at the time of the injury. The seats themselves were unchanged. Likewise the spacing was identical. Nor had the floor in front of the back row been altered. It is not an abuse of discretion to allow the jury to view the premises on which the accident occurred where alterations thereto are not material to the risk. Hecht Co. v. Harrison, (1943), 78 U.S.App.D.C. 93, 137 F.2d 687. It is true that the place was free of debris and spillage when visited by the jury. However, we feel that the average juror is not incapable of appreciating the possible differences in this regard between the day he was in the building and a tournament night three years before. It is our opinion that the effect of the plaintiff's evidence of debris and spillage was not diminished by the viewing. This court believes that the plaintiff suffered no prejudice as a result of the jury being permitted to see the premises. There was no abuse of discretion by the trial court.

Testimony regarding the condition of the bowling alley at the time of trial was permissible to enable the defendant to establish a foundation for his motion to view the premises, the burden being on the movent to show that no

material change had taken place since the accident. Heading-ton v. Central Bldg. Co., 141 Kan. 338, 41 P.2d 1040.

■■ Plaintiff also asserts as a part of this general argument that she was unable to show a structural defect, to wit, a one-fourth inch incline in the floor because the court admonished counsel not to introduce evidence of a renovation of the building. The record does not reveal any such admonition. It is counsel's responsibility to preserve the record. Having failed to do so, he cannot now be heard to complain. The appellate court will consider only such questions as were raised in the lower court. State Highway Comm'n v. Milanovich, 142 Mont. 410, 384 P.2d 752.

■ Plaintiff next maintains that it was error for the court to grant defendant's motion to strike and refuse to give instructions to the jury on the following allegations of negligence: (1) Failure to warn the plaintiff that the floors were slippery when wet; (2) Failure to warn the plaintiff that the floors were slippery when strewn with debris; and (3) Failure to warn the plaintiff that the seats provided contained a hidden danger. These contentions are governed by the principle that there is no obligation to protect the invitee against dangers which are known to her, or which are so apparent that she may reasonably be expected to discover them and be able to look out for herself. Prosser on Torts (2d.Ed.), p. 459, and cases cited therein. It is well-settled in Montana that the duty to warn an invitee goes only to hidden and lurking dangers, the invitor not being an insurer against all accidents and injuries. Vogel v. Fetter Livestock Co., 144 Mont. 127, 394 P.2d 766; Cassaday v. City of Billings, 135 Mont. 390, 340 P.2d 509. As to (1) above, it is a matter of common knowledge that a tile floor will be slippery when wet. As to (2), the plaintiff admitted that she knew a piece of paper such as cellophane would cause a floor to be slippery. Concerning (3), we feel that the folding nature of chairs such as these, customarily found in auditoriums, etc., is so readily apparent that the plaintiff could rea-

sonably be expected to recognize it. Further, it appears that the plaintiff's putting her hand out to break her fall was a reflex action that would have occurred regardless of whether she knew or did not know that the chairs would fold. Thus, it cannot be said that any lack of knowledge of the folding nature of the chairs was a proximate cause of the injury any more than there was a "hidden and lurking danger." The court was justified in eliminating these considerations from the trial. It should be pointed out that the jury was left with the related questions of whether the floors were in fact wet, whether they were strewn with debris, and whether safer chairs should have been provided.

Plaintiff contends that it was error to instruct the jury on the issue of contributory negligence when there was no proof thereof. She further urges that such instruction, rather than being general, should have been limited to the pleadings of the defendant, i.e., that the plaintiff was contributorily negligent only in "leaving her seat." Regarding the allegations of lack of proof, we feel that there was sufficient evidence presented by the plaintiff alone to raise a question of contributory negligence. The assertions that the aisles were narrow and crowded, that the floors were wet and littered and that the seats were unsafe, give rise to the question of whether the plaintiff perceived or should have perceived these alleged deficiencies and how she conducted herself in the face of them. She testified that she did not look down when she arose from her seat. The issue of contributory negligence is a question of fact for the jury except where the evidence will support but one legitimate inference. Wollan v. Lord, 142 Mont. 498, 385 P.2d 102. As to the question of failure to plead contributory negligence, it is our opinion that the language "negligence in leaving her seat" is sufficient to cover any conduct on the part of the plaintiff that might have been determined by the jury to constitute contributory negligence. In other words, any negligence must have occurred at that time. This is not to say that other acts may not have constituted assumption of the risk.

382

Plaintiff objects to the following instruction given by the court: "If you believe from the evidence that the plaintiff fell by reason of debris or some foreign substance on the floor, you are instructed that the plaintiff, in order to prove negligence on the part of the defendant, must show that the defendant placed the debris or foreign substance on the floor, or had knowledge of it being there, or that it was on the floor such a length of time that the defendant should have known of its presence." It is argued that this instruction is contrary to the law of Montana. However, the requirements to show that foreign matter on a floor constitutes negligence on the part of a defendant as set forth by this court, are exactly those included in this instruction. Rossberg v. Montgomery Ward & Co. et al., 110 Mont. 154, 169, 99 P.2d 979. Plaintiff further maintains that the instruction destroyed all other allegations of negligence because, under it, the defendant could only be found negligent as to debris on the floor. This objection was not interjected at the time of settling instructions. This being so, the plaintiff cannot now put the trial court in error on that ground. Vogel v. Fetter Livestock Co., 144 Mont. 127, 394 P.2d 766.

The same rule applies to plaintiff's fifth contention which is that Instructions 20 and 29 should not have been given. No objection was made in the lower court to Instruction 20 and the objections to 29 were that it was repetitious and failed to consider burden of proof. On this appeal, plaintiff argues only that it was erroneous as a matter of law.

Plaintiff's sixth contention is that instructions on the concept of assumption of the risk should not have been given. His reasons are two: first, that there is no evidence that she assumed the risk and second, that the jury was not instructed that the burden of proving assumption of the risk is on the defendant. In regard to the first, the rule of this court is that the defense of assumption of the risk is a question of fact for the jury except where the evidence will support but one

legitimate inference. Wollan v. Lord, supra. Whether or not plaintiff was or should have been cognizant of and appreciated the alleged dangers is a matter of dispute in this case. The evidence was that she had been on defendant's premises a limited number of times prior to the accident. Whether these visits were sufficient to give her knowledge, or whether she should have known from the general reputation of the establishment, or whether on the visit which resulted in the accident she should have perceived the debris on the floor or any of the other conditions which she cites as negligence, are questions for the trier of fact.

The allegation that the jury was not properly instructed as to burden of proof of assumption of the risk may be disposed of by quoting from Instruction 1:

"If the plaintiff has fulfilled this burden [of proving negligence and proximate cause] then your verdict should be for the plaintiff, unless the defendant has proved by a preponderance of the evidence one or more of the following material elements of its affirmative defenses: * * * 2. That Viola Clark knew the risks, hazards and dangers of entering the bowling alley under the circumstances disclosed by the evidence and assumed the risks, hazards and dangers thereof."

Plaintiff's next argument is that it was error for the court to refuse to give the following proposed instruction:

"You are instructed that it is not necessary that plaintiff prove the defendant guilty of each separate allegation of negligence in the complaint. It will be sufficient to entitle plaintiff to recover if you find from a preponderance of all the evidence that the defendant was guilty of any one of such acts of negligence and that the same was the proximate cause of the injury." We feel that this point could not have been missed by the jury particularly in light of the following language from Instruction 1;

"In this action, the plaintiff has the burden of proving by a preponderance of the evidence the following material elements

of her claim: 1. *Any negligent act or omission* on the part of the defendant, Canyon Hotels, Inc., as claimed by plaintiff, 2. That such negligence was a proximate cause of her injuries. If the plaintiff has fulfilled this burden, then your verdict should be for the plaintiff \* \* \*." (Emphasis added.) We feel that this instruction adequately conveys the idea that any negligent act proximately causing the injury will support a verdict for the plaintiff.

Plaintiff specifies as error the court's refusal to give the following instruction: "I further charge you that the duty to keep the premises safe for an invitee extends to all portions of the premises which are included within the invitation and which it is necessary or convenient for the invitee to visit or use in the cause of the business for which the invitation was extended, and at which his presence should reasonably be anticipated or to which he is allowed to go." It would have been superfluous to so instruct the jury. They were specifically instructed that the plaintiff was a business invitee (Instruction 23) and that with respect to an invitee the occupant or owner must use reasonable care to keep his premises in a safe condition (Instruction 24). There was nothing to suggest that the invitation did not include the area in which the plaintiff was harmed.

Plaintiff alleges that it was error for the court to refuse to consider and grant her motion for new trial. The defendant moved that the motion for new trial be stricken or dismissed because it was not served upon the defendants within the required ten days after service of notice of entry of judgment. In its order granting defendant's motion, the court referred to the grounds for the motion to strike as being that the motion for new trial was not "filed" within the specified time. The plaintiff contends there was error in that the court granted a motion that was never made, namely, one grounded on lack of timely filing rather than service. We conclude, however, that the lower court was not confused as to its grounds

for refusing to grant a new trial. The order referred both to defendant's motion and to Rule 59(b), M.R.Civ.P., which pertains to timely service.

The plaintiff also specifies certain errors relating to damages. Since the jury resolved the liability issue in favor of the defendant, and no error pertaining thereto has been found, the question of damages is moot and need not be considered in this opinion. The same is true of defendant's cross-specifications of error.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, JOHN CONWAY HARRISON and CASTLES concur.